**Vimla SAKSENASINGH, Appellant,**

v.

**SECRETARY OF EDUCATION, Appellee.**

No. 96–5116.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 9, 1997.

Decided Oct. 21, 1997.

Stephen Z. Chertkof, Washington, DC, argued the cause for appellant, with whom James H. Heller was on the briefs.

R. Craig Lawrence, Assistant U.S. Attorney, Washington, DC, argued the cause for appellee, with whom Eric H. Holder, Jr., U.S. Attorney at the time the brief was filed, and Diane M. Sullivan, Assistant U.S. Attorney, were on the brief.

Before: EDWARDS, Chief Judge, HENDERSON and GARLAND, Circuit Judges.

Opinion for the Court filed by Chief Judge EDWARDS.

EDWARDS, Chief Judge:

Appellant Vimla Saksenasingh applied for employment at the Department of Education ("Department"). After an interview at which she was asked about her religion and national origin, she did not receive a position. Saksenasingh filed an administrative complaint with the Department alleging proscribed discrimination. She subsequently signed a settlement agreement with Department officials that gave her a one-year position at the Department and guaranteed she would be considered for a permanent position at the year's end. When the year had passed, Appellant once again was denied a position. She then brought suit against the Department under Title VII, 42 U.S.C. § 2000e *et seq.* for (1) the original denial of employment, (2) retaliation against her during her employment, and (3) retaliation in failing to consider her for a permanent position.

The Department asserted that the settlement agreement barred the suit. The District Court granted summary judgment to the Department on the grounds that Saksenasingh was barred by the settlement agreement from litigating the original denial of employment and that she could not sue for the Department's failure to hire her at the end of her one-year term because she had not exhausted her administrative remedies by appealing to the Equal Employment Opportunity Commission ("EEOC"). *Saksenasingh v. Riley*, No. 94–2216, slip op. at 5–7 (D.D.C. Mar. 12, 1996), *reprinted in* Joint Appendix ("J.A.") 8–10. The District Court also dismissed Saksenasingh's remaining retaliation claims for lack of jurisdiction. *Id.* at 11–12.

We reverse the grant of summary judgment and the dismissal of Saksenasingh's retaliation claims. The settlement agreement did not, as the District Court believed, grant the Department the unilateral right to decide whether it had breached the terms of settlement. Rather, the agreement specified that "[i]f the Agency fails to carry out this agreement … the complaint may be reinstated." Memorandum of Agreement, J.A. 125. This provision entitled Appellant to a decision by the District Court judge or jury on the threshold question whether the Department had breached the agreement. If it were found that the Department had breached the agreement, then Saksenasingh's law suit on her original claim should have proceeded. She had exhausted her administrative remedies regarding her original claim before the employing agency. When the settlement agreement took effect, more than 180 days had passed without final Department. action on her claim. 29 C.F.R. § 1614.408(b). On the record at hand, there is no doubt that Saksenasingh was not required to appeal to the EEOC as the District Court held.

Finally, because the District Court had jurisdiction over her original claim even if it were found that the settlement agreement barred the claim, the District Court had discretion to exercise jurisdiction over her retaliation claims. Dismissal of the retaliation claims for want of jurisdiction was error. 28 U.S.C. § 1367 (1994).

## I. BACKGROUND

Saksenasingh applied for a position as an Institutional Review Specialist with the Department. Following an interview in which she was asked about her religion and national origin, the Department informed her that she had not been selected. On February 22, 1991, she filed an administrative complaint with the Department, alleging unlawful discrimination. J.A. 92. Before the Department had formally completed its investigation, Saksenasingh and the Department entered into a settlement agreement. The agreement, dated January 11, 1993, required the Department to offer Saksenasingh a one-year appointment and to consider hiring her for a permanent position at the end of the year. It also stated:

> If the Agency fails to carry out this Agreement, in whole or in part, the complaint may be reinstated, upon the written request of the Complainant, at the point processing ceased.

J.A. 125. After signing the agreement, the Department tried to convince Saksenasingh

to amend the agreement to omit the promise to consider her for a permanent post. J.A. 137–38. Saksenasingh declined to amend the agreement.

Saksenasingh began her one-year term on July 26, 1993, and completed the term on July 25, 1994. When her one-year appointment was not converted to a permanent position and she was passed over for several vacancies, she requested by letter dated August 19, 1994, that her administrative complaint be reinstated and supplemented by a claim of retaliation. J.A. 165–66. She simultaneously notified the Department that she intended to file suit unless she was placed in a permanent position immediately. *Id.* The Department acknowledged receipt of this letter. J.A. 168–69. On October 13, 1994, Saksenasingh filed suit in the District Court. She claimed that the Department discriminated against her by failing to hire her when she first applied and retaliated against her by failing to consider her for a permanent position at the end of the year as required by the settlement agreement. On December 7, 1994, the Department issued a letter advising Saksenasingh that she must file an administrative complaint with the EEOC in order to pursue her retaliation claim. J.A. 171. In a letter dated December 15, 1994, the Department concluded that it had not breached the settlement agreement and advised Saksenasingh that she must appeal to the EEOC before filing suit in District Court. J.A. 174–76.

The District Court granted summary judgment in favor of the Department, reasoning: (1) the settlement agreement prevented the court from reaching the underlying discrimination claims; (2) Saksenasingh was required to appeal to the EEOC before filing a judicial complaint for breach of the settlement agreement and, therefore, she had failed to exhaust her administrative remedies; and (3) the trial court lacked jurisdiction over the retaliation claim because the other claims were not properly before it. J.A. 8–12.

## II. ANALYSIS

### A. Settlement Agreement

■ We review the District Court's grant of summary judgment and dismissal of Appellant's claims *de novo*. *See Tao v. Freeh*, 27 F.3d 635, 638 (D.C.Cir.1994) (summary judgment); *National Taxpayers Union, Inc. v. U.S.*, 68 F.3d 1428, 1432 (D.C.Cir. 1995) (dismissal for lack of jurisdiction). After Saksenasingh filed her Title VII law suit, based on the original claim of discrimination and subsequent alleged retaliation, the Department raised the settlement agreement as an affirmative defense to her suit. The Department argued that the agreement barred her suit because it conferred discretion upon the Department to permit or refuse reinstatement of the original complaint. The District Court endorsed this reading of the settlement agreement and held that the agreement barred Saksenasingh's suit.

■ Where a case turns on construction of a contract, the District Court may decide the matter on summary judgment if the agreement "admits of only one reasonable interpretation." *UMWA 1974 Pension v. Pittston Co.*, 984 F.2d 469, 473 (D.C.Cir.1993). The settlement agreement here admits of only one reasonable interpretation, but not the one adopted by the District Court. The agreement provided that:

> If the Agency fails to carry out this Agreement, in whole or in part, the complaint may be reinstated, upon the written request of the Complainant, at the point processing ceased.

J.A. 125. The District Court interpreted this language to mean that the Department had the right to decide whether it had breached the agreement, and did not have to do anything if it found it had not breached the agreement. J.A. 9. On this reading, the agreement conferred no right of reinstatement whatsoever on Saksenasingh. In support of its interpretation, the District Court quoted the dictionary to the effect that the word "may" has a permissive effect. *Id.*

However, the permissive nature of the word "may" does not lead to the conclusion the District Court reached. The agreement does not say that the Department "may" reinstate the complaint, which would of course mean that it need not do so. Instead,

the agreement employs the passive voice, stating that the complaint "may be reinstated" upon the occurrence of a certain event, namely the written request of the complainant. It follows that, under the plain meaning of the agreement, Saksenasingh had the option of reinstating her complaint in case of breach by the Department.

 Where a party raises a settlement agreement as a defense, the District Court must factually determine the issues surrounding the agreement. *See Bowden v. U.S.*, 106 F.3d 433, 439 (D.C.Cir.1997) (District Court resolves factual issues regarding Title VII settlement agreement). Faced with Saksenasingh's assertion of her original discrimination complaint and the Department's defense that the settlement agreement barred the suit, the judge or jury in the District Court, depending upon the circumstances, should have determined, as a threshold matter, whether in fact the Department had breached the settlement agreement. No deference was owed to the Department on this question. It was for the judge or jury to decide whether the agreement had been breached. Because this threshold issue was not decided, we must reverse and remand the case for further proceedings.

On remand, if it is found that the Department breached, then the settlement agreement cannot bar Saksenasingh's original claim. However, if it is found that the Department did not breach the agreement, then the settlement will bar Saksenasingh from proceeding with her original claim.

*B. Exhaustion of Administrative Remedies*

 As a result of its mistaken interpretation of the settlement agreement, the District Court found that Saksenasingh could not bring an action based on her original complaint, but only a separate action on the alleged breach of agreement. J.A. 10. Beginning from this mistaken premise, the District Court went on to hold that Saksenasingh could not sue on the breach of settlement agreement until exhausting her administrative remedies by appealing to the EEOC. *Id.* at 10–11. This holding was based on 29 C.F.R. §§ 1614.401(d), 1614.408(c), and 1614.504(b), which authorize and regulate appeals to the EEOC.

The judgment of the District Court on exhaustion was in error. The statute which these regulations interpret, 42 U.S.C. § 2000e–16(c), permits, but does not require, appeal to the EEOC, and has been so understood by this court. We have held that under 42 U.S.C. § 2000e–16(c), a complainant may either file suit after the appropriate number of days has elapsed since complaining to the agency, or "elect[ ] instead to appeal the agency's decision to the EEOC." *Wilson v. Pena,* 79 F.3d 154, 157 (D.C.Cir. 1996). Likewise, the court has explained that Title VII requires a complainant to file "an initial charge with the employing agency. Upon exhaustion of the administrative proceedings, a complainant is entitled to trial *de novo.*" *McRae v. Librarian of Congress,* 843 F.2d 1494, 1496 (D.C.Cir.1988) (citations omitted). This description neither mentions nor envisions required appeal to the EEOC.

The plain language of the regulations cited by the District Court similarly does not require appeal to the EEOC, but instead simply authorizes appeal to the EEOC as one possible avenue for appeal of agency decisions. Under 29 C.F.R. § 1614.401(d), a complainant "may" appeal alleged noncompliance with a settlement agreement to the EEOC, and 29 C.F.R. § 1614.408(c) states that a complainant may file suit in District Court within ninety days of receiving the EEOC's final decision. However, 29 C.F.R. § 1614.408(a) and (b) allow suit after final agency decision or after 180 days in the case of agency inaction. It seems clear that these provisions merely offer alternative avenues of redress. Appeal to the EEOC is not required.

Finally, 29 C.F.R. § 1614.504(b) states that after a complainant has notified the agency that it has breached a settlement agreement, the complainant "may" appeal to the EEOC

> 35 days after he or she has served the agency with the allegations of noncompliance, but must file an appeal within 30 days of his or her receipt of an agency's determination.

*Id.* This provision simply means that a complainant can appeal to the EEOC any time

past thirty-five days after notifying the agency with or without waiting for the agency's final determination, but that if the agency does make a final determination, the complainant must file within thirty days of that determination. The provision does not by its terms require a complainant to appeal to the EEOC before bringing suit in District Court.

Because Saksenasingh could sue on her original complaint, and the breach of settlement claim could be brought as a supplemental retaliation claim, she had only to exhaust her administrative remedies regarding the original complaint by applying to the Department itself and awaiting either final agency action, 29 C.F.R. § 1614.408(c), or the passage of 180 days without final agency action, 29 C.F.R. § 1614.408(d). *See Wilson,* 79 F.3d at 157, 167. Saksenasingh filed her original complaint with the agency on February 22, 1991; she filed suit on October 13, 1994. The statutory 180 days had elapsed, and exhaustion of administrative remedies had occurred with respect to the original complaint.

*C. Retaliation Claims*

■ The District Court held that because the original claims of discrimination and breach of settlement were not viable, "the retaliation claim fails as well." J.A. 12. This conclusion was in error. Under 28 U.S.C. § 1367, which governs supplemental jurisdiction, the District Court may, at its discretion, continue to entertain supplemental jurisdiction even after it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). If the District Court

had original jurisdiction, but dismissed for non-jurisdictional reasons, then it could maintain supplemental jurisdiction at its discretion. If it dismissed the underlying claim on jurisdictional grounds, then it could not exercise supplemental jurisdiction.

■ Here, the District Court had supplemental jurisdiction over Saksenasingh's unexhausted retaliation claims. *See Nealon v. Stone,* 958 F.2d 584, 590 (4th Cir.1992); *Gupta v. East Texas State Univ.,* 654 F.2d 411, 413 (5th Cir.1981). Even if the District Court ultimately dismisses the underlying claim on the grounds that the Department did not breach the settlement agreement, it would still have exercised original jurisdiction over that claim. The defense that the settlement agreement bars Saksenasingh's suit is substantive, not jurisdictional. Therefore, the District Court may exercise supplemental jurisdiction even if it dismisses the underlying suit. The decision whether to entertain the unexhausted retaliation claims lies within the District Court's discretion.

III. CONCLUSION

In light of the foregoing, the decision of the District Court is reversed and remanded.

*So ordered.*