**Hordon H. EVONO, Appellant**

v.

**Janet RENO, Appellee**

No. 99–5283.

United States Court of Appeals, District of Columbia Circuit.

Argued May 3, 2000.

Decided June 27, 2000.

Brian C. Kalt argued the cause for appellant. With him on the briefs was Langley R. Shook.

David T. Smorodin, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were Wilma A. Lewis, U.S. Attorney, and R. Craig Lawrence, Assistant U.S. Attorney.

Before: SILBERMAN, SENTELLE and ROGERS, Circuit Judges.

Opinion for the Court filed by Circuit Judge ROGERS.

ROGERS, Circuit Judge:

Hordon H. Evono, a former Deputy United States Marshal, appeals the dismissal of his employment discrimination complaint against the United States Marshals Service for lack of jurisdiction. In *Butler v. West*, 164 F.3d 634 (D.C.Cir. 1999), the court held that Congress intended to permit a federal employee to proceed to district court where the Merit Systems Protection Board ("MSPB") fails to issue a final decision on the employee's "mixed case appeal"[1] within 120 days. *Id.* at 641.[2] Under *Butler*, the district court had subject matter jurisdiction over the claims asserted in Mr. Evono's complaint. To the extent that the district court ruled that

---

1. "A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age." 29 C.F.R. § 1614.302(a)(2).

2. *Butler* was decided on January 8, 1999, approximately five months after the district court dismissed Mr. Evono's discrimination claims and approximately seven months before it dismissed his retaliation claims.

Mr. Evono waived his right to sue in district court on the basis of his *pro se* statements to the MSPB suggesting that the relief he sought in court differed from the relief sought in administrative proceedings, the district court erred. Accordingly, because the district court had original subject matter jurisdiction over Mr. Evono's "mixed case," it retained original jurisdiction over his retaliation claims, and we reverse.

## I.

Hordon H. Evono was employed in 1970 as a Deputy United States Marshal. The Marshals Service discharged him in 1972 for alleged misconduct, but that discharge was held to have been animated by racial discrimination against him. *Evono v. Civiletti,* C.A. No. 74–19 (D.D.C. Feb. 1, 1980), *aff'd sub nom. Roney v. Smith,* 659 F.2d 253 (D.C.Cir.1981). After having been reinstated in 1980, and after additional litigation to enforce the district court's 1980 judgment, Mr. Evono was diagnosed in 1983 with a hearing loss, subsequently determined to have been job-related, that rendered him unfit for his position. He was forced to retire in March 1984. In 1993, Mr. Evono formally requested reemployment in accordance with the Priority Placement Referral System of the Department of Justice. The Marshals Service denied that request, and Mr. Evono filed

an Equal Employment Opportunity ("EEO") complaint alleging violations of the Civil Service Reform Act and racial and disability discrimination and retaliation. When the Department of Justice failed to act on his "mixed case" complaint within 120 days, he appealed to the MSPB on September 16, 1994.[3]

When no final decision was forthcoming from the MSPB, Mr. Evono, acting *pro se,* filed suit on August 20, 1997, in the district court, alleging discriminatory and retaliatory actions by the Marshals Service.[4] Thereafter, the district court granted the government's motion to dismiss Mr. Evono's discrimination claims.[5] The district court, citing 5 U.S.C. § 7702, acknowledged that Mr. Evono generally would have a statutory right to file a "mixed case" where the MSPB had not issued a final decision on the underlying administrative action within 120 days, but ruled that he had waived his right to pursue his discrimination claim in court before exhausting his administrative remedies. The district court relied on the fact that Mr. Evono did not refute the government's assertions that Mr. Evono had represented to the MSPB "that he ha[d] no intention of interfering with [the] administrative proceedings" and that he was not seeking judicial review of his full "mixed case," and on the fact that he sought summary judg-

---

**3.** A "mixed case" complaint is "a complaint of employment discrimination filed with a Federal agency based on race, color, religion, sex, national origin, age or handicap related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)." 29 C.F.R. § 1614.302(a)(1). Where a federal agency fails to act on a mixed case complaint within 120 days, the matter may be appealed to the MSPB. 29 C.F.R. § 1614.302(d)(1)(i).

**4.** Mr. Evono filed an amended *pro se* complaint on December 8, 1997, for equitable relief and damages for racially discriminatory and retaliatory actions in violation of Title VII of the Civil Rights Acts of 1964 and 1991, 42 U.S.C. § 2000e et seq., and § 1981, the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq., and the Constitution. His amended *pro se* complaint essentially restated the allegations

in his original complaint. After the MSPB issued a final decision on June 24, 1999, Mr. Evono appealed to the Equal Employment Opportunity Commission pursuant to 5 U.S.C. § 7702(b)(1), where the matter was pending at the time briefs were filed in this court.

**5.** The district court's opinion, filed July 27, 1998, stated that the dismissal was without prejudice to the refiling of Mr. Evono's Title VII and Rehabilitation Act claims after exhaustion of his MSPB remedy. The district court dismissed with prejudice Mr. Evono's constitutional discrimination claims on the ground that Title VII and the Rehabilitation Act of 1973 provide the exclusive remedies for his employment discrimination claims. The court denied without prejudice Mr. Evono's motion for summary judgment and declaratory relief.

ment only on the retaliation claims. The district court retained jurisdiction over Mr. Evono's retaliation claims and appointed counsel for him in light of "the complexity of litigating the remaining retaliation claim." Counsel filed a second amended complaint alleging retaliatory acts only.[6]

On the eve of trial, the government moved to dismiss the second amended complaint on the ground that the district court lacked subject matter jurisdiction over the retaliation claims, reading the district court's dismissal of Mr. Evono's discrimination claims to have been based on the district court's conclusion that it lacked subject matter jurisdiction, and arguing that hence, the district court could not exercise "supplemental jurisdiction" over Mr. Evono's unexhausted retaliation claims. Mr. Evono responded, by counsel, that under *Butler,* subject matter jurisdiction was proper and exhaustion established. The government replied that Mr. Evono could not split his "mixed case" between the MSPB and the court. After initially denying the government's motion to dismiss as moot, the district court, on August 2, 1999, granted the government's motion to reconsider and dismissed Mr. Evono's second amended complaint without prejudice on the ground that the court lacked supplemental jurisdiction over his retaliation claims.

## II.

In contending that the district court erred in dismissing his retaliation claims, Mr. Evono maintains that *Butler* controls, and that because he was entitled to file his "mixed case" in the district court when the MSPB failed to issue a final decision within 120 days of his appeal, the district court had original jurisdiction over his discrimination and retaliation claims and thus retained original jurisdiction over his retaliation claims after dismissing his dis-

crimination claims for failure to exhaust administrative remedies. We agree.

5 U.S.C. § 7702(e)(1) provides:

> Notwithstanding any other provision of law, if at any time after—
>
> .    .    .    .    .
>
> (B) the 120th day following the filing of an appeal with the [MSPB] under subsection (a)(1) of this section, there is no judicially reviewable action....
>
> .    .    .    .    .
>
> an employee shall be entitled to file a civil action to the same extent and in the same manner as provided in section 717(c) of the Civil Rights Act of 1964....

5 U.S.C. § 7702(e)(1). Mr. Evono's appeal to the MSPB was a "mixed case appeal", alleging "that an appealable agency action was effected, in whole or in part, because of discrimination," 29 C.F.R. § 1614.302 (a)(2), and thus began the process described in § 7702(e)(1)(B). Consistent with *Butler v. West,* 164 F.3d at 638, the government agrees that, ordinarily, the district court would have had original jurisdiction over Mr. Evono's entire "mixed case," because the MSPB had not issued a final decision within 120 days of Mr. Evono's appeal, notwithstanding the fact that this would result in simultaneous administrative and judicial proceedings. *See Butler,* 164 F.3d at 642–43. What distinguishes Mr. Evono's case, in the government's view, is Mr. Evono's *pro se* statement in the MSPB proceeding that he was not pursuing in the district court the full "mixed case" that was pending before the MSPB. In other words, the government contends, Mr. Evono attempted to split his claims, keeping his discrimination claims in the MSPB and his retaliation claims in the district court. Relying on *Smith v. Chicago School Reform Board of Trustees,* 165 F.3d 1142, 1150 (7th Cir.1999), applying the law of claim

---

**6.** The second amended complaint, filed by counsel, alleges that Mr. Evono's forced retirement and the thwarting of his efforts to

obtain reinstatement were in retaliation for his EEO activities, which began in the 1970s and continued in the early 1980s.

preclusion in interpreting the compensation cap in 42 U.S.C. § 1981a(b)(3), the government maintains that because there is "but one subject matter transaction, i.e., Mr. Evono's non-restoration", he "may not split [it] into multiple packages of different claims, i.e., retaliation, handicap discrimination, racial discrimination, Civil Service merits. etc.". While acknowledging that there can be no *res judicata* bar until a first judgment is rendered, the government urges that splitting of this nature should be discouraged as wasteful of judicial resources.

▮ Of course, the difficulty with the government's position is clear from *Butler*, where the court, in holding that the existence of simultaneous district court and administrative proceedings could not serve as the basis for dismissal of a complaint filed pursuant to § 7702(e)(1), noted that the pendency of simultaneous proceedings was what Congress contemplated. 164 F.3d at 640–41. To that extent it is clear, as the government concedes, that the district court had original jurisdiction over both Mr. Evono's discrimination claims and his retaliation claims, his *pro se* complaint containing the same claims that had been pending before the MSPB for over 120 days without a final decision.[7] Although *Butler* did not address a situation in which the district court dismisses part of a "mixed case" and § 7702 jurisdiction is asserted with respect to the remaining claims, the government has cited no authority, and we see no basis as a matter of statutory interpretation, for treating a "mixed case" over which the district court properly had jurisdiction but which it dismissed in part, any differently from a "mixed case" that proceeds in full in the district court. Section 7702(e)(1) provides an employee with a right to file a "mixed case" in the district court and does not suggest that the jurisdiction thereby conferred on the district court dissolves upon dismissal of one claim where original jurisdiction otherwise properly exists. Contrary to the government's position, Mr. Evono was not obligated to abandon his proceedings before the MSPB. There thus was exhaustion and subject matter jurisdiction over Mr. Evono's retaliation claims in the district court pursuant to 5 U.S.C. § 7702 and 28 U.S.C. § 1331.

▮ To the extent that the government and the district court relied on Mr. Evono's *pro se* statements to the MSPB to conclude that he waived his right to file his "mixed case" in the district court, or was attempting to split his claims, their reliance is misplaced. First, there was no waiver of his right to bring his discrimination claims to the district court. *Cf. United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The statement at issue arose when Mr. Evono responded to the government's letter of September 18, 1997, to the MSPB administrative law judge apparently suggesting that in view of the pending judicial complaint, Mr. Evono would have to withdraw his administrative appeal. The government has not made its letter a part of the record, and for that reason alone we have no basis to view Mr. Evono's *pro se* remarks, attempting to distinguish his MSPB claims and district court claims in order to avoid dismissal of the MSPB claims, as a waiver of his right to pursue a "mixed case" under § 7702.[8] Moreover, Mr. Evono's remarks advised the administrative law judge that he was seeking judicial review of the "continuing violations of [his] rights," which hardly reflects the language of waiver. Nor do Mr. Evono's

---

7. In view of the unequivocal holding in *Butler*, that the existence of simultaneous district court and administrative proceedings could not serve as a basis for dismissal of a complaint filed pursuant to § 7702(e)(1), it is unclear why the government did not file a notice of error with the district court regarding dismissal of Mr. Evono's discrimination claims or confess error in this court.

8. Indeed, Mr. Evono stated to the MSPB that "[i]f it felt that there is a conflict in some way, that would complicate matters being decided before the [MSPB], I wish to be informed as much," suggesting that in his mind there was no conflict.

statements in the district court, responding to the government's erroneous arguments about exhaustion and claim splitting, demonstrate waiver. *Cf. Olano,* 507 U.S. at 733, 113 S.Ct. 1770. Furthermore, that Mr. Evono sought summary judgment only on his retaliation claims reflects at most that he thought there were material issues of disputed fact on his discrimination claims, not that he was waiving his right to pursue the latter, much less voluntarily dismissing them. In any event, as the government acknowledged in its memorandum in support of its motion to dismiss or for summary judgment, and again at oral argument in this court, the claims raised by Mr. Evono in the MSPB and the district court were indistinguishable.

Second, Mr. Evono did not split his "mixed case." His *pro se* complaint contained discrimination and retaliation claims. It was the district court that split his case in two, by dismissing Mr. Evono's discrimination claims for failure to exhaust and declining to dismiss his retaliation claims. As Mr. Evono points out, that he proceeded in reliance on the district's court dismissal, preparing for trial only on the retaliation claims, has nothing to do with whether the district court had jurisdiction over his case. Nor does the second amended complaint filed by counsel after the district court had dismissed Mr. Evono's discrimination claims, raise claims of a different nature than those before the MSPB. The government's reliance on *Chicago School Reform Board* is simply misplaced. In that case, the Seventh Circuit held that the applicable statutory compensation cap did not prevent multiple suits from being filed, but noted that the

doctrine of claim preclusion would prevent litigants from "splitting into multiple packages different claims arising out of the same transaction". 165 F.3d at 1150. Nothing of the sort is at issue here; as Mr. Evono notes in his reply brief, the government can raise the defense that Mr. Evono is seeking to avoid the damages cap if he files a second lawsuit.

■ Finally, the government's supplemental jurisdiction contention fares no better. The government contends not only that the district court lacked original jurisdiction under § 7702(e) to hear only a part of Evono's "mixed case," but that the only basis for jurisdiction over his unexhausted retaliation claims was supplemental jurisdiction, and that the district court properly ruled it lacked such jurisdiction. Supplemental jurisdiction was never necessary in Mr. Evono's case, nor did he ever rely upon such a theory, because the district court always had original jurisdiction over his retaliation claims under § 7702(e).[9] Parallel proceedings in the district court and the MSPB are contemplated by § 7702. *Butler,* 164 F.3d at 642–43. Insofar as the government was concerned about wasting judicial resources, the district court could have stayed or held the judicial proceedings in abeyance pending a decision by the MSPB.[10] *Id.* at 643.

■ Accordingly, we hold that where a complaint is properly filed under 5 U.S.C. § 7702(e)(1), the district court's dismissal of some claims does not deprive it of original jurisdiction over the remaining claims, notwithstanding the pendency of the same claims before the MSPB, and we reverse

9. The cases relied upon by the government stand only for the unremarkable proposition that a district court need not exercise supplemental jurisdiction over matters with respect to which it does not have original jurisdiction, where the matters over which original jurisdiction could have been exercised have been dismissed, and only supplemental matters remain. *See, e.g., Saksenasingh v. Secretary of Education,* 126 F.3d 347, 351 (D.C.Cir.1997); *Harris v. Secretary, U.S. Dep't of Veterans Affairs,* 126 F.3d 339, 346 (D.C.Cir.1997).

10. The government misconstrues Mr. Evono's point that the district court could have stayed his case, characterizing it as an argument that Mr. Evono sought a stay, or that the district court erred in not granting one. To the contrary, Mr. Evono simply reiterates what the court said in *Butler,* namely that the district court may *stay its proceedings if it wishes to* benefit from MSPB expertise or avoid simultaneous proceedings. *Id.*

the order dismissing Mr. Evono's complaint alleging retaliation.