Samuel H. **MWABIRA–SIMERA** and John E. Simera–Nandala, Appellants

v.

**SODEXHO MARRIOT MANAGEMENT SERVICES, et al., Appellees.**

Nos. 05–7116, 05–7117.

United States Court of Appeals, District of Columbia Circuit.

Nov. 3, 2006.

Samuel H. Mwabira–Simera, Washington, DC, pro se.

John E. Simera–Nandala, Washington, DC, pro se.

Todd James Horn, Venable LLP, Baltimore, MD, Angela Ranel Williams, Washington, DC, for Appellees.

BEFORE: ROGERS, GRIFFITH, and KAVANAUGH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed June 30, 2005 and November 2, 2005 be affirmed. The district court correctly determined that appellant Mwabira–Simera's claims against Sodexho Marriot Management Services and its employees were barred by a settlement agreement. *Cf. Francis v. Rodman Local Union 201 Pension Fund,* 367 F.3d 937, 940–41 (D.C.Cir.2004) (holding that claim against pension fund barred by individual settlement agreement); *Saksena-singh v. Sec'y of Educ.,* 126 F.3d 347, 350 (D.C.Cir.1997) (recognizing that if settlement agreement is not breached, it bars claim). The district court did not abuse its discretion in dismissing appellant Simera–Nandala's claims pursuant to Federal Rule of Civil Procedure 37. *See Founding Church of Scientology of Washington, D.C. v. Webster,* 802 F.2d 1448, 1457–59 (D.C.Cir.1986). The district court also did not abuse its discretion by declining to exercise supplemental jurisdiction over the pendent state law claims. *See* 28 U.S.C. § 1367(c)(3); *Shekoyan v. Sibley Intern.,* 409 F.3d 414, 423–24 (D.C.Cir.2005).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after

resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.