254 F.3d 802 (9th Cir. 2001)
 HERMAN FAMILY REVOCABLE TRUST, PLAINTIFF-COUNTER-DEFENDANT, AND HOWARD W. LITTELL, PLAINTIFF-COUNTER-DEFENDANT-APPELLANT,
v.
TEDDY BEAR, THE VESSEL TEDDY BEAR, OFFICIAL NO. 569,147, HER ENGINES, TACKLE, FURNITURE, MACHINERY, EQUIPMENT AND APPURTENANCES, ETC., IN REM; MARLINEER INTERNATIONAL, INC., A CORPORATION, IN PERSONAM; TED TATE, IN PERSONAM, DEFENDANTS-COUNTER-CLAIMANTS-APPELLEES.
 Nos. 99-56865, 99-56981
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted May 8, 2001--Pasadena, California
Filed June 13, 2001
 
 Ronald P. Kaplan, Los Angeles, California, for the plaintiffs-appellants.
 Jack H. Swift, Chula Vista, California, for the defendants-appellees.
 Appeal from the United States District Court for the Central District of California; Alicemarie H. Stotler, District Judge, Presiding D.C. No. CV-98-00664-AHS
 Before: Frank J. Magill,* M. Margaret McKeown and Raymond C. Fisher, Circuit Judges.
 
 
 1
 The opinion of the court was delivered by: McKEOWN, Circuit Judge
 
 OPINION
 Opinion by Judge McKeown
 
 2
 This case illustrates the pitfall of proceeding through trial where the district court lacks subject matter jurisdiction. The case centers on the aborted sale of the vessel Teddy Bear, a 62-foot power boat. Howard Littell, on behalf of a private family trust, engaged in negotiations to buy the yacht from its owner, broker Marlineer International, Inc., but the deal ultimately fell through. Littell sued in federal court, invoking the court's admiralty jurisdiction and its supplemental jurisdiction over state-law claims. After a bench trial, the court determined that it did not have admiralty jurisdiction but nonetheless adjudicated both the federal admiralty claims and a supplemental state-law claim in favor of Marlineer. Littell appeals, challenging the district court's conclusions on the substance of his claims. We do not reach the merits of Littell's appeal, however, because of the lack of jurisdiction. Without admiralty jurisdiction, the court had no authority to adjudicate the merits of the admiralty claims. In addition, absent original admiralty jurisdiction, the district court did not have supplemental jurisdiction under 28 U.S.C. §§ 1367, and the entire case should have been dismissed on purely jurisdictional grounds.
 
 BACKGROUND
 
 3
 Littell and Marlineer commenced dealing in May 1997, when, during a ride on the boat, Marlineer's president, Ted Tate, told Littell that the asking price for the Teddy Bear was $850,000. Littell told Tate that he was interested, but that he could not complete the transaction right away because his financial situation was uncertain. Littell and Tate met again later that summer, at which time they agreed on a price of $750,000; Littell handed over a deposit of twenty dollars but no other terms were agreed upon at that time. Tate said he would prepare the documents to complete the sale.
 
 
 4
 Over the next six months the parties continued negotiations and exchanged documents, and Marlineer undertook repair and refurbishing work on the yacht. Littell actually moved onto the boat and apparently stayed for several months while he drew detailed schematic drawings of the Teddy Bear's electrical and mechanical systems, for which he later claimed reimbursement. In early December, the trust issued a $15,000 check to Marlineer.[1] Littell's financial situation remained uncertain; he unsuccessfully tried to convince Marlineer to finance part of the transaction, but the broker declined, the deal fell through, and Littell bought another boat.
 
 
 5
 Littell filed suit in federal court, alleging four causes of action: (1) in rem for foreclosure of a maritime lien against the Teddy Bear, based on work Littell performed and supervised while living on the yacht; (2) in rem against the Teddy Bear and in personam against the other defendants for foreclosure of a maritime lien, based on the monies Littell had transferred to Marlineer; (3) in rem against the Teddy Bear and in personam against the other defendants for foreclosure of a maritime lien, based on Tate and Marlineer's alleged misrepresentation of the value of the yacht; and (4) conversion, against all defendants, based on California Civil Code §§ 3336. The complaint invoked the district court's admiralty and maritime jurisdiction, 28 U.S.C. §§ 1333 and 46 U.S.C. §§ 740, and its supplemental jurisdiction over state-law claims, 28 U.S.C. §§ 1367.
 
 
 6
 At the conclusion of a three-day bench trial, the district court entered judgment for Marlineer and the other defendants on all causes of action and adopted, with modifications, findings of fact and conclusions of law prepared by Marlineer's counsel. The findings of fact and conclusions of law include two pages of legal analysis titled "There is no Admiralty Jurisdiction," which discusses the well-established rule that a suit over the sale of a vessel does not give rise to admiralty jurisdiction:
 
 
 7
 Here the underlying activity was the attempted purchase and sale of a vessel and the principal dispute relates to activities undertaken in connection with that attempted purchase. Contracts for the sale of a slip are not maritime and admiralty jurisdiction does not apply.
 
 
 8
 The section concludes, "This court lacks admiralty jurisdiction. Since plaintiffs' only causes of action are brought `in admiralty' and speak to alleged maritime torts, there remains no basis for recovery." The findings of fact and conclusions of law also address Littell's substantive claims, concluding there was no enforceable agreement, no fraud, no negligent misrepresentation, no statutory lien or wrongful arrest, and no conversion under California Civil Code §§ 3336.
 
 DISCUSSION
 
 9
 We must first address jurisdiction. Though the parties have already proceeded through trial and a judgment on the merits, and though neither party actually raised the issue on appeal, we must still determine whether the district court had subject matter jurisdiction. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) ("[E]very federal appellate court has a special obligation to `satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review,' even though the parties are prepared to concede it.") (quoting Mitchell v. Maurer, 293 U.S. 237, 244 (1934)).
 
 
 10
 The district court's conclusion that there was no admiralty or maritime jurisdiction under 28 U.S.C. §§ 1333 and 46 U.S.C. §§ 740 was based on the venerable principle that a suit arising out of the sale of a vessel does not give rise to admiralty jurisdiction. See, e.g., Magallanes Invest. Co., Inc. v. Circuit Sys., Inc., 994 F.2d 1214, 1217 (7th Cir. 1993); J.A.R., Inc. v. M/V Lady Lucille, 963 F.2d 96, 98 (5th Cir. 1992); Richard Bertram v. The Yacht, Wanda, 447 F.2d 966, 967 (5th Cir. 1971); The Ada, 250 F. 194 (2d Cir. 1918); see also 1 BENEDICT ON ADMIRALTY §§ 186 (Matthew Bender 7th ed. 2000); 29 MOORE'S FEDERAL PRACTICE §§ 703.04[2][c][vii] (Matthew Bender 3d ed. 2000). Littell does not challenge this conclusion on appeal,[2] and thus we do not disturb it here. See Brooks v. City of San Mateo, 229 F.3d 917, 922 n.1 (9th Cir. 2000) (" `On appeal, arguments not raised by a party in its opening brief are deemed waived.' ") (alteration omitted) (quoting Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999)).
 
 
 11
 In contrast to our obligation to scrutinize sua sponte a district court's assertion of jurisdiction, we have never held that we have an obligation to examine sua sponte a court's conclusion that it lacks jurisdiction. Indeed, such a circumstance is so unusual that it would rarely arise. The posture of this case is somewhat unusual, however. Although it is unclear why the jurisdiction issue was not decided before trial, nonetheless after trial the district court concluded that it did not have admiralty jurisdiction. Presumably because the court reached the merits of the claims, Littell chose not to appeal the jurisdiction issue. Nor did Marlineer seek to dismiss the appeal on jurisdictional grounds. Typically a determination of lack of jurisdiction would result in a dismissal by the district court, and the appeal would address the jurisdictional ruling rather than the merits. But, then, this appears not to be a typical case.
 
 
 12
 Despite the district court's holding that it lacked admiralty jurisdiction, it nonetheless adjudicated the admiralty claims. It also adjudicated the state-law claim, purportedly under its supplemental jurisdiction. The supplemental jurisdiction statute provides,
 
 
 13
 [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.
 
 
 14
 28 U.S.C. §§ 1367(a). The statute's plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it. See id. ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction . . ." ) (emphasis added). As a leading treatise explains,
 
 
 15
 [I]f the federal claim [is] dismissed for lack of subject matter jurisdiction, a district court has no discretion to retain the supplemental claims for adjudication. The dismissal means that there never was a valid claim within the court's original jurisdiction to which the state claims may be supplemental. Therefore, the district court has no discretion to exceed the scope of its Article III power, and must dismiss the state law claims without prejudice.
 
 
 16
 (footnote omitted). 16 MOORE'S FEDERAL PRACTICE §§ 106.66[1]; see also Acri v. Varian Assoc., 114 F.3d 999, 1000 (9th Cir. 1997) ("a district court must be sure that it has federal jurisdiction under §§ 1367(a)."). Without the hook of admiralty jurisdiction -the basis for original jurisdiction -the district court had no power under either §§ 1367 or Article III of the Constitution to adjudicate any claims in the lawsuit. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998) (court must not address merits unless it has subject matter jurisdiction).
 
 
 17
 Although it may seem an obvious construction of the supplemental jurisdiction statute, we have not previously had occasion to state in explicit terms the rule that supplemental jurisdiction cannot exist without original jurisdiction. Several of our sister circuits have squarely addressed the issue, however, and all concur that where there is no underlying original federal subject matter jurisdiction, the court has no authority to adjudicate supplemental claims under §§ 1367. See, e.g., Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485-86 (Fed. Cir. 1998); Saksenasingh v. Sec'y of Educ. , 126 F.3d 347, 351 (D.C. Cir. 1997); Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1255 (6th Cir. 1996); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).
 
 
 18
 This requirement that the supplemental state-law claims be dismissed where the district court had no underlying original jurisdiction must be distinguished from the district court's discretionary authority to retain jurisdiction over state-law claims where it has dismissed on the merits federal claims over which it did have original jurisdiction. Pursuant to the supplemental jurisdiction statute, when a district court dismisses on the merits a federal claim over which it had original jurisdiction, it may then decline to exercise supplemental jurisdiction over the remaining state claims, subject to the factors set forth in §§ 1367(c)(1)-(4). See, e.g., Acri, 114 F.3d at 1000. The court may exercise that supplemental jurisdiction, however, only if it has the " `power to hear state law claims.' " Kohler v. Inter-Tel Techs., 244 F.3d 1167, 1170 (9th Cir. 2001) (quoting Acri, 114 F.3d at 1000).
 
 
 19
 This case, however, is not about the district court's discretionary exercise of supplemental jurisdiction under §§ 1367(c). Rather, it concerns the authority of the court to exercise its supplemental jurisdiction under §§ 1367(a). A dismissal on the merits is different from a dismissal on jurisdictional grounds. If the district court dismisses all federal claims on the merits, it has discretion under §§ 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.
 
 
 20
 Dismissal on jurisdictional grounds means that the court was without original jurisdiction and had no authority to do anything other than to determine its jurisdiction. As the Sixth Circuit explained,
 
 
 21
 If the court dismisses plaintiff's federal claims pursuant to [Fed. R. Civ. P.] 12(b)(1) [lack of subject matter jurisdiction], then supplemental jurisdiction can never exist. A Rule 12(b)(1) dismissal postulates that there was never a valid federal claim. Exercise of jurisdiction . . . would therefore violate Article III of the Constitution, because the original federal claim would not have "substance sufficient to confer subject matter jurisdiction upon the court."[United Mine Workers v.] Gibbs, 383 U.S. [715, 725 (1966)]. Obviously, a district court has no discretion to exceed the scope of its Article III power.
 
 
 22
 Musson Theatrical, 89 F.3d at 1255 (emphasis in original) (citation omitted); see also, e.g., Saksenasingh, 126 F.3d at 351 ("If the District Court had original jurisdiction, but dismissed for non-jurisdictional reasons, then it could maintain supplemental jurisdiction at its discretion. If it dismissed the underlying claim on jurisdictional grounds, then it could not exercise supplemental jurisdiction.").
 
 
 23
 In supplemental briefing filed at our request, Littell asserts that the district court, even after determining that it lacked admiralty jurisdiction, could still assert its supplemental jurisdiction pursuant to §§ 1367 because the finding on jurisdiction "can and should be construed as a finding that appellants failed to state a claim for a maritime tort." Supp. Br. of Appellant at 3. Littell reasons that, if the district court was actually making a ruling that he failed to state a claim for which relief could be granted (rather than that the court lacked jurisdiction), the court could still exercise its discretion to adjudicate the supplemental state law claim.
 
 
 24
 Though it is true that the boundaries between a dismissal for lack of jurisdiction and a dismissal for failure to state a claim are sometimes difficult to discern, such is not the case here. The district court explicitly found that it did not have admiralty jurisdiction because this is a case about the sale of a vessel. The law is quite clear that where a plaintiff attempts to assert admiralty jurisdiction in a suit based on the sale of a vessel, the district court lacks subject matter jurisdiction; it is not simply a matter of failure to state a claim under Fed. R. Civ. P. 12(b)(6). See, e.g., Magallanes Invest. Co., 994 F.2d at 1217 ("[C]ontracts for the sale of a ship are not `maritime' and thus admiralty jurisdiction does not apply .") (emphasis added) (citation omitted); The Yacht, Wanda, 447 F.2d at 967 ("[W]hether this suit is viewed as one to enforce a security interest or mortgage on a vessel, a suit to try or quiet title, a suit for breach of a contract of sale, or a suit upon a contract to construct a vessel, it is not within the admiralty jurisdiction of this Court.") (emphasis added).
 
 
 25
 Once the district court reached the conclusion that it had no underlying original subject matter jurisdiction,[3] there was nothing left to do but to dismiss the case. See Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.") (emphasis added); Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").
 
 
 26
 We are well aware of the unfortunate posture in which our decision will leave the parties, who have already been through discovery, trial, and appeal. Rather than receiving a decision on the merits, as they had hoped, the parties are now back to square one with respect to their dispute over the yacht sale. Were jurisdiction a matter of equity or discretion, we might well simply decide the case on the merits. But it isn't so. Regrettably, questions of time, cost, and efficiency do not undergird jurisdiction. Nor is jurisdiction a question of equity -a court lacking jurisdiction to hear a case may not reach the merits even if acting "in the interest of justice." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988).
 
 CONCLUSION
 
 27
 Once the district court determined that it lacked admiralty jurisdiction, it had no authority under Article III or 28 U.S.C. §§ 1367 to adjudicate any claims on their merits. We therefore VACATE the district court's order and REMAND with instructions to dismiss pursuant to Fed. R. Civ. P. 12(h)(3).
 
 
 28
 VACATED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 Notes:
 
 
 *
 Honorable Frank J. Magill, Senior United States Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.
 
 
 [1]
 The parties dispute whether this check was to go toward the purchase price or, rather, constituted reimbursement for repair and refurbishment work performed by Marlineer.
 
 
 [2]
 Counsel for Littell forthrightly acknowledged several times at oral argument that he did not appeal the district court's conclusion that it lacked admiralty jurisdiction.
 
 
 [3]
 The district court did, of course, have jurisdiction to determine its own jurisdiction. United States v. Van Cauwenberghe , 934 F.2d 1048, 1059 (9th Cir. 1991).