**Jerry DIERKER, Jr.; et al.,**
**Plaintiffs–Appellants,**

v.

**Chuck CLARKE, Region X Administrator of U.S. Environmental Protection Agency; et al., Defendants–Appellees.**

No. 01–36016.

D.C. No. CV–00–01010–FDB.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 15, 2002.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

Jerry Dierker, Jr. and Larry Dudley appeal pro se the district court's judgment in favor of defendants in their action alleging that various local, state and federal agencies violated environmental laws in connection with a sediment remediation and cleanup project in Olympia, Washington. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam). We affirm in part, vacate in part, and remand.

The district court properly dismissed appellants' Comprehensive Environmental Response Compensation and Liability Act

---

\* The panel unanimously finds this case suitable for decision without oral argument, and denies Dierker's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

("CERCLA") claims against the Environmental Protection Agency ("EPA") because appellants failed to identify any non-discretionary act or duty that the EPA allegedly failed to perform. *See* 42 U.S.C. § 9659(a) (authorizing citizen suits against the EPA administrator for failure to perform any act or duty which is not discretionary).

The district court properly dismissed appellants' National Environmental Policy Act ("NEPA") claims against the state and local defendants because the overall environmental cleanup action did not constitute a "major Federal action." *See Ka Makani 'O Kohala Ohana, Inc., v. Water Supply Dept.*, 295 F.3d 955, 959–60 (9th Cir.2002).

Although the district court did not specifically address appellants' claims against the Agency for Toxic Substances and Disease Registry ("ATSDR") in a separate written order, the court's finding that the cleanup action did not constitute a "major Federal action" implicitly dismissed appellants' NEPA claims against ATSDR as well. *See Fed. Ins. Co. v. Scarsella Bros., Inc.*, 931 F.2d 599, 601 (9th Cir.1991) (inferring rejection of claims where they remained technically undecided, but decision "resolved all issues necessary to establish the legal rights and duties of the parties.").

Although the district court was correct in finding that appellants' NEPA/CWA claims against the Corps were not ripe at the time of its decision, *see Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 779–80 (9th Cir.2000), appellants' claims may now be ripe because the Corps has issued the permit appellants seek to challenge, *see Assiniboine and Sioux Tribes v. Bd. of Oil and Gas Conservation*, 792 F.2d 782, 788 (9th Cir.1986) ("[W]e look at the facts as they exist today in evaluating whether the controversy is sufficiently con-

crete to warrant our intervention."). We therefore vacate the district court's dismissal of appellants' claims against the Corps, and remand for further proceedings, including a determination of whether appellants' claims are now moot in light of intervening circumstances.

If the district court proceeds with appellants' claims against the Corps, the court should reconsider whether to exercise supplemental jurisdiction over appellants' state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir.2001).

We deny all pending motions.

Each party shall bear its own costs on appeal.

AFFIRMED in part, VACATED in part, and REMANDED.