Eugene **GAVIGAN; et al., Plaintiffs—Appellants,**

v.

**COUNTY OF PIMA, a political subdivision of the State of Arizona; et al., Defendants—Appellees,**

and

**Jane Doe Dupnik; et al., Defendants.**

No. 03–17338.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2005.

Decided Nov. 15, 2005.

Jeffrey J. Rogers, Esq., Hirsh & Rogers, PLC, Tucson, AZ, for Plaintiffs—Appellants.

---

Thomas E. Dugal, Teri A. Roberts, Tucson, AZ, for Defendants—Appellees.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

## MEMORANDUM *

1. The warrantless entry into Eugene and Aubrey Gavigan's (the Gavigans) house was supported by exigent circumstances and probable cause. *See United States v. Brooks*, 367 F.3d 1128, 1133–36 (9th Cir.2004) (discussing exigent circumstances); *see also Peng v. Penghu*, 335 F.3d 970, 978 (9th Cir.2003) (discussing probable cause). Therefore, no Fourth Amendment violation occurred. *See Brooks*, 367 F.3d at 1133.

2. Because no Fourth Amendment violation occurred, the Pima County deputy sheriffs were entitled to qualified immunity from the Gavigans' federal claims. *See Saucier v. Katz*, 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *see also Burrell v. McIlroy*, 423 F.3d 1121, 1125 (9th Cir.2005) (applying *Saucier* test).

3. The district court's summary dismissal of the Gavigans' state law claims did not include a separate analysis of the viability of the claims according to state law. *See Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir.2002) (noting that "[t]he Fourth Amendment's 'reasonableness' standard is not the same as the standard of 'reasonable care' under tort law"). Accordingly, the dismissal of the state law claims is reversed and those claims are remanded

for the district court to determine whether to exercise supplemental jurisdiction over the state law claims in view of the dismissal of the federal claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir.2001) (stating that it is within a district court's discretion to retain supplemental jurisdiction over state claims once federal claims are dismissed). If supplemental jurisdiction is exercised, the state law claims must be assessed in accordance with state law rather than federal law. *See Billington*, 292 F.3d at 1190 (noting that "[a]n officer may fail to exercise 'reasonable care' as a matter of tort law yet still be a constitutionally 'reasonable' officer."). Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

