DESERT LAND, LLC; Howard Bulloch; Casa Malaga Motel, Inc., Plaintiffs–Appellees,

v.

OWENS FINANCIAL GROUP, INC., Defendant,

and

Del Mar Mortgage, Inc.; Vestin Mortgage, Inc.; Vestin Group, Inc.; Shustek Investments, Inc.; Michael Shustek, Defendants–Appellants.

No. 03–16780.

D.C. No. CV–S–00–1406–JCM (PAL).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided Nov. 15, 2005.

Kirk B. Lenhard, Philip M. Ballif, Jones Vargas, Las Vegas, NV, C. Keith Rooker, D. Heath Bailey, Rooker Later & Rawlins LLP, Henderson, NV, for Plaintiffs–Appellees.

Robert A. Goldstein, Berkley, Gordon, Levine, Goldstein & Garfinkel, Las Vegas, NV, A. Nick Shamiyeh, Walnut Creek, CA, for Defendant.

Theodore J. Boutrous, Jr., Gibson Dunn & Crutcher, LLP, Los Angeles, CA, Steve Morris, Kristina Pickering, Esq., Morris Pickering & Sanner, Las Vegas, NV, for Defendants–Appellants.

Before REINHARDT and THOMAS, Circuit Judges, and RESTANI,* Chief Judge, United States Court of International Trade.

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

MEMORANDUM**

Del Mar Mortgage, Inc., Vestin Mortgage, Inc., Vestin Group, Inc., Shustek Investments, Inc., and Michael Shustek (collectively "DMMI") appeal the district court's judgment in favor of Desert Land, LLC, Howard Bulloch, and Casa Malaga Motel, Inc. (collectively "Desert Land"). The district court exercised federal question jurisdiction over Desert Land's securities fraud claim under Rule 10b–5, 17 C.F.R. § 240.10b–5, and asserted supplemental jurisdiction over related state-law claims. The district court found against Desert Land on its securities fraud claim but found in its favor on its state-law penalty claim. We hold that the district court erred by exercising federal question and supplemental jurisdiction, and dismiss the action.

**I**

 The district court did not have subject matter jurisdiction over the action because Desert Land lacked standing to bring the securities claim. *See Cetacean Community v. Bush*, 386 F.3d 1169, 1175 (9th Cir.2004) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court [therefore] lacks subject matter jurisdiction over the suit."). In order to have standing to bring an action, a plaintiff must allege that the injury is "fairly traceable to the defendant's allegedly unlawful conduct." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). In the securities context, "[o]nly a purchaser or seller of securities has standing to bring an action under section 10(b) and Rule 10b–5." *Binder v. Gillespie*, 184 F.3d 1059, 1066 (9th Cir. 1999) (citing *Blue Chip Stamps v. Manor*

*Drug Stores*, 421 U.S. 723, 749, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975)).

Desert Land claimed injury resulting from DMMI's imposition of a $3,800,000 fee for failure to make timely loan-related payments, and from DMMI's failure to honor an agreement to remit a $2,500,000 fee to Desert Land. Desert Land asserted that its injuries arose when DMMI breached its contractual obligations to Desert Land and defrauded third party investors. Desert Land's alleged injuries were not in any way caused by its purchase or sale of securities.

First, the mere allegation that a contractual breach involved a security does not confer standing to assert a 10b–5 action. *See Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir.1993) ("The failure to carry out a promise made in connection with a securities transaction is normally a breach of contract."); *Gigliotti v. Mathys*, 129 F.Supp.2d 817, 823 (D.Vi.2001) (holding that "mere involvement of shares of stock does not bring a transaction within Rule 10b–5, unless the value of the securities (or consideration) involved is misrepresented"). Second, securities fraud upon third party investors does not give a borrower on a loan standing to assert a securities fraud claim. *See Holmes v. Securities Investor Protection Corp.*, 503 U.S. 258, 272—74, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992) (finding plaintiff's injury too remote from stock manipulation suffered by a third party to support plaintiff's RICO claim). Here, Desert Land may have alleged some harm tangentially related to the alleged securities fraud but the harm to itself is not a securities fraud injury.

Accordingly, the district court did not have subject matter jurisdiction because

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Desert Land did not suffer an injury under securities law.

## II

 A federal court cannot exercise supplemental jurisdiction over state-law claims if the federal court lacks original jurisdiction in the case. *Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 805 (9th Cir.2001). Here, the district court erred in exercising supplemental jurisdiction over the state-law claims when it lacked subject matter jurisdiction in the case.

Therefore, we VACATE the judgment of the district court and DISMISS the state-law claims against DMMI without prejudice.