Alex COTA, Plaintiff—Appellant,

v.

Elizabeth A. CHEADLE, UCLA Dean of Students; Susan Westerberg–Prager; Board of Regents of the University of California; The Chronicle of Higher Education, Inc.; David R. Simonton; Richard Morgan, Defendants—Appellees.

No. 04–55991.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2006.*

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Decided Feb. 15, 2006.

Alex Cota, Los Angeles, CA, pro se.

Calvin R. House, Esq., Gutierrez, Preciado & House, LLP, Pasadena, CA, Jane H. Barrett, Esq., DLA Piper Rudnick Gray Cary, US LLP, Los Angeles, CA, for Defendants–Appellees.

Before: BEEZER, T.G. NELSON, and GOULD, Circuit Judges.

### MEMORANDUM**

Alex Cota appeals pro se the district court's order granting defendants' special motions to strike and dismissing Cota's action against the Board of Regents of the University of California, the Chronicle of Higher Education, and several individual defendants. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, we affirm in part, vacate in part, and remand. *See Vess v. Ciba–Geigy Corp. USA,* 317 F.3d 1097, 1102 (9th Cir.2003); *see also Maldonado v. Harris,* 370 F.3d 945, 949 (9th Cir.2004) (de novo review of dismissal under res judicata and Rooker–Feldman doctrine).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ The district court properly determined that Cota's claims related to an allegedly defamatory 1998 article and had been resolved in earlier state-court litigation. Res judicata bars Cota from raising identical claims in subsequent litigation. *See Mir. v. Little Co. of Mary Hosp.*, 844 F.2d 646, 651 (9th Cir.1988) (applying California law).

■ Because of the state court's application of California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, the Rooker–Feldman doctrine bars Cota's related constitutional claim. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir.2003) (holding that the Rooker–Feldman doctrine precludes review of state court judgments in particular cases even where the challenge to the state court proceedings is a constitutional claim). We affirm the district court's dismissal of that claim.

■ We vacate the district court's grant of defendants' special motion to strike because the district court lacked jurisdiction over the remaining state claims once it dismissed the federal constitutional claim. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). We remand to allow the district court to issue an order of dismissal.

**AFFIRMED in part, VACATED in part, and REMANDED.** The parties shall bear their own costs.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.