**Keith R. TIMMONS, Plaintiff–Appellant,**

v.

**MANATT, PHELPS & PHILLIPS; et al., Defendants–Appellees.**

No. 05–56252.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 27, 2006.

Keith R. Timmons, Darien, IL, pro se.

Helene J. Wasserman, Steven M. Kroll, Esq., Ford & Harrison, Jonathan Galatzan DAG, Mark A. Brown, AGCA—Office of the California Attorney General, Shaiza Shamim, Law Offices of Mark Weidmann, Los Angeles, CA, Cheryl Chadwick, Esq., Topanga, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Keith R. Timmons appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging that various attorneys, state judges, state courts, and others violated his civil rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Manufactured Home Communities Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir.2005), and affirm in part, vacate in part, and remand.

This is an action brought by a "state court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). The district court did not err when it concluded that Timmons' first, second and ninth causes of action were "inextricably intertwined" with issues resolved in the state court proceeding and "at least in part a forbidden de facto appeal of a state court judgment," and were therefore barred by the doctrine of *Rooker–Feldman. Noel v. Hall*, 341 F.3d 1148, 1165 (9th Cir.2003). Further, the extrinsic fraud exception is not applicable because Timmons was not prevented from presenting his claim in state court. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir.2004); *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981). We therefore affirm the district court's dismissal of Timmons' federal claims.

The remaining causes of action are state law claims. Because the district court lacked original jurisdiction it could not assert supplemental jurisdiction over these claims and should have dismissed them for lack of jurisdiction. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir.2001) (holding that "supplemental jurisdiction cannot exist without original jurisdiction."). We therefore vacate in part and remand with instructions to dismiss.

Timmons' remaining contentions are without merit.

We deny as moot all pending motions and requests for judicial notice.

The parties shall bear their own costs on appeal. *See* Fed. R.App. P. 39(a)(4).

**AFFIRMED in part; VACATED in part; REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

