Harry J. WILLIBY, Plaintiff—
Appellant,

v.

State of CALIFORNIA; et al.,
Defendants–Appellees.

No. 06–15164.

United States Court of Appeals,
Ninth Circuit.

Submitted April 22, 2008.*

Filed May 2, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Harry J. Williby, Oakland, CA, pro se.

Teresa Tan, Esq., Alameda County Counsel, Robert L. Gaumer, Esq., Jesper I. Rasmussen, Esq., Patton Wolan Boxer, Oakland, CA, for Defendants–Appellees.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

## MEMORANDUM **

Harry J. Williby appeals pro se from the district court's orders granting partial summary judgment in favor of defendants and dismissing his action alleging that defendants violated his civil rights when, af-

** This disposition is not appropriate for publication and is not precedent except as provid-

ter his conviction, prison officials obtained DNA samples. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Plumeau v. Sch. Dist. No. 40,* 130 F.3d 432, 435 (9th Cir.1997), and a dismissal for failure to state a claim for which relief can be granted, *Rodriguez v. Panayiotou,* 314 F.3d 979, 983 (9th Cir.2002). We affirm.

■ The district court properly granted summary judgment in favor of Prosecutor Sandbach on absolute immunity grounds because Williby failed to show that any of Sandbach's actions were beyond those "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

The district court properly concluded that California's DNA and Forensic Identification Data Base and Data Bank Act of 1998, Cal.Penal Code §§ 295, *et seq.,* applied to Williby upon his conviction in 2000, and that it comports with the Fourth Amendment. *See Alfaro v. Terhune,* 98 Cal.App.4th 492, 120 Cal.Rptr.2d 197, 208 (2002) (California statute); *United States v. Kincade,* 379 F.3d 813, 839 (9th Cir. 2004) (en banc) (similar federal statute).

■ The district court properly dismissed Williby's claim that certain defendants used excessive force to obtain DNA samples, where Williby did not allege that Nurse Loy used force or had authority to order the deputies to use force while she obtained the DNA samples. *See Jones v. Williams,* 297 F.3d 930, 936 (9th Cir.2002) (requiring either integral participation or personal involvement). To the extent Williby contends that the district court erred

ed by 9th Cir. R. 36–3.

when it dismissed the excessive force claim against two unnamed deputies who allegedly twisted his arm, wrist and finger, this contention lacks merit because Williby was unable to identify the deputies, four years had elapsed since he filed suit, and he had conducted extensive discovery. *See Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir.1999) (dismissal of doe defendants proper if "it is clear that discovery would not uncover the identities").

■ The district court properly dismissed Williby's denial of access to the courts claim because he did not show "actual injury." *Lewis v. Casey,* 518 U.S. 343, 351–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Similarly, the district court properly granted summary judgment in favor of the County because Williby could not demonstrate that he was deprived of a constitutional right. *See Plumeau,* 130 F.3d at 438.

The district court did not abuse its discretion when it denied Williby leave to amend his third amended complaint. *See Chodos v. West Publishing Co.,* 292 F.3d 992, 1003 (9th Cir.2002).

The district court did not abuse its discretion by dismissing the state claims without prejudice. *See Herman Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 806 (9th Cir.2001) (stating that "when a district court dismisses on the merits a federal claim over which it had original jurisdiction, it may then decline to exercise supplemental jurisdiction over the remaining state claims").

Williby's remaining contentions, including those regarding recusal, the standard for pleading, and discovery, are not persuasive.

We grant Williby's request to take judicial notice of certain facts.

**AFFIRMED.**