**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PARVIZ MONTAZER, | No. 08-15070 |
| Plaintiff - Appellant, | D.C. No. 07-CV-00563-JCM |
| v. | |
| SM STOLLER, INC.; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted January 11, 2010 [**]

Before:      BEEZER, TROTT, and BYBEE, Circuit Judges.

Parviz Montazer appeals pro se from the district court's judgment dismissing

with prejudice his action alleging federal employment discrimination and state law

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

GT/Research

tort claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 787 (9th Cir. 2009), and we affirm in part, vacate in part, and remand.

The district court did not err in dismissing the federal employment discrimination claims because Montazer failed to allege facts showing that any remaining defendant was his employer. *See Clackamas Gastroenterology Assoc., P.C. v. Wells*, 538 U.S. 440, 445 (2003) (explaining that for purposes of federal statutory law "conventional master-servant relationship as understood by common-law agency doctrine" is the relevant test in determining whether plaintiff is an "employee" of defendant); *id.* at 450 (explaining that an "employer" is able to "hire and fire employees").

Dismissal of these claims should have been on the merits for failure to state a claim, rather than for lack of subject matter jurisdiction, as the pleadings do not indicate that the federal claims were necessarily "implausible." *See Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985) ("Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider. The claim must be so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely

devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court[.]") (citations and internal quotation marks omitted).

A dismissal of the federal claims on the merits would have allowed the district court to exercise its discretion to adjudicate the state law claims. But having dismissed the federal claims for lack of subject matter jurisdiction, the district court should not have adjudicated the state law claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.").

After dismissal of federal claims on the merits, the preferable course of action is dismissal of the remaining claims without prejudice. *Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989) ("When . . . the court dismisses the federal claim[s] leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice.").

We do not consider issues that Montazer did not develop in his opening brief. *See Pierce v. Multnomah County*, 76 F.3d 1032, 1037 n. 3 (9th Cir. 1996).

Montazer's remaining contentions are unpersuasive.

We grant the pending motions concerning Montazer's reply briefs, filed on May 16, 2008 and May 30, 2008.

The parties shall bear their own costs on appeal.

In summary, we affirm dismissal with prejudice of the federal claims for failure to state a claim, vacate dismissal of the state law claims with prejudice, and remand for further proceedings on the state law claims.

**AFFIRMED in part, VACATED in part, and REMANDED**.