**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSTY LEMORANDE, | No. 09-55017 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00939-R-FMO |
| v. | |
| CAMERON MACKINTOSH LIMITED; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted March 5, 2010
Pasadena, California

Before: RYMER and WARDLAW, Circuit Judges, and MCNAMEE,[**] District
Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]       The Honorable Stephen M. McNamee, United States District Judge
for the District of Arizona, sitting by designation.

Rusty Lemorande appeals three orders of the district court granting motions to dismiss his claims on a multitude of grounds filed by defendants Cameron MacKintosh Ltd., Cameron MacKintosh, Alain Boublil Music, Ltd., Arclight Films International, LLC, and Gary Hamilton. We affirm in part, and vacate in part.

We agree with the district court that it lacked subject matter jurisdiction. The essence of Lemorande's claims is that he was authorized to prepare a derivative work based on *Miss Saigon*, pursuant to an agreement with defendants. That MacKintosh later threatened to sue him for copyright infringement does not alter the fact that his rights and liabilities sound in contract and do not arise under the Copyright Act, 17 U.S.C. § 101 et seq. *See Scholastic Entertainment, Inc. v. Fox Entertainment Group, Inc.*, 336 F.3d 982, 986 (9th Cir. 2003) (holding that "[f]ederal courts have consistently dismissed complaints in copyright cases presenting only questions of contract law" for lack of subject matter jurisdiction). The district court thus had "no discretion to retain the supplemental claims for adjudication." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001) (internal quotation marks and citations omitted). As the district court lacked jurisdiction, we therefore vacate all of its remaining rulings. Thus, Lemorande may pursue his state court causes of action without prejudice because the district court lacked authority to dismiss them with prejudice. We dismiss

Appellees Arclight Films's and Gary Hamilton's Motion to Strike Portions of

Appellant's Reply Brief as moot. Each party shall bear its own costs on appeal.

AFFIRMED in part; VACATED in part.