**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RESIDENT MINORS OF THE CITY AND COUNTY OF SAN FRANCISCO, and all other minors similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> KAMALA D. HARRIS,[*] California Attorney General; et al., <br><br> Defendants - Appellees. | No. 11-17227 <br><br> D.C. No. 3:10-cv-04838-CRB <br><br> MEMORANDUM[**] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted September 10, 2012[***]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Alfred Lam appeals pro se from the district court's judgment dismissing for

----

[*]    Kamala D. Harris has been substituted for her predecessor, Jerry Brown, as California Attorney General under Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

lack of standing his 42 U.S.C. § 1983 action alleging federal and state law claims on behalf of a class of past, present, and future minors subject to neglect and abuse in the San Francisco Juvenile Justice Center. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Mortensen v. County of Sacramento*, 368 F.3d 1082, 1086 (9th Cir. 2004), and we affirm.

The district court properly dismissed Lam's action for lack of standing because Lam, a Juvenile Justice Center employee, failed to establish that he had suffered "a distinct and palpable injury to himself" as a result of defendants' alleged abuse and neglect of minors in their care. *McMichael v. County of Napa*, 709 F.2d 1268, 1269-70 (9th Cir. 1983) (citation and internal quotation marks omitted) (discussing constitutional and prudential standing).

The district court did not abuse its discretion in denying Lam leave to amend to add allegations that he suffered economic harm, employer retaliation, and emotional injury because these alleged wrongs do not have a "fairly traceable causal connection" to defendants' alleged abuse or neglect of minors. *Id.* at 1270 (citation and internal quotation marks omitted); *see also Gardner v. Martino*, 563 F.3d 981, 990, 992 (9th Cir. 2009) (denial of leave to amend not an abuse of discretion where amendment would be futile). Moreover, the district court also properly noted, based on judicially noticeable records, that Lam is already pursuing

another lawsuit based on these facts against these defendants, among others. *See* Fed. R. Evid. 201(b).

Dismissal without prejudice of Lam's state law claims was also proper because the district court had no discretion to exercise supplemental jurisdiction over them under 28 U.S.C. § 1367(c) once it determined that it lacked subject matter jurisdiction over Lam's federal claims. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806 (9th Cir. 2001).

**AFFIRMED.**