**NOT FOR PUBLICATION**

DEC 24 2019

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA, | No. 17-16382 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-07414-LB |
| v. | MEMORANDUM[*] |
| ALAMEDA HEALTH SYSTEM; DEPARTMENT OF INDUSTRIAL RELATIONS, Division of Labor Standards Enforcement; CATHERINE DALY; JOAN HEALY; BOBBIT SANTOS; ERIC ROOD, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Submitted July 15, 2019[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  PAEZ and RAWLINSON, Circuit Judges, and HUCK,[***] District Judge.

Tatyana Drevaleva (Drevaleva) appeals the dismissal of her complaint.  We have jurisdiction under 28 U.S.C. § 1291 and review *de novo*.  *See Steinle v. City and Cty. of San Francisco,* 919 F.3d 1154, 1160 (9th Cir. 2019).

**1.**     As all parties consented to proceed before a magistrate judge, the magistrate judge was authorized to conduct any and all proceedings, up to and including dismissal.  *See* 28 U.S.C. § 636(c)(1).

**2.**     Because Drevaleva asserted no viable federal claims against Alameda Health System (AHS), a public agency, the district court lacked subject-matter jurisdiction.  *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). Drevaleva concedes that she cannot make a *prima facie* showing under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*  Her claims under the Fair Labor Standards Act (FLSA) and the Occupational Safety and Health Act (OSHA) were time-barred.  AHS terminated Drevaleva in September, 2013, and she filed her complaint in December, 2016, outside the two-year statute of limitations for an FLSA claim and the thirty-day filing period for an OSHA claim.  *See* 29 U.S.C. § 255(a) (FLSA); 29 U.S.C. §

---

[***]     The Honorable Paul C. Huck, United States District Judge for the U.S. District Court for Southern Florida, sitting by designation.

660(c)(2) (OSHA). Neither the National Labor Relations Act nor the Labor Management Relations Act applies to public entities such as AHS. *See* 29 U.S.C. § 152(2).

3. The district court lacked diversity jurisdiction over Drevaleva's claims against AHS because Drevaleva and AHS were both domiciled in California when she filed the complaint. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004).

4. As the district court lacked federal question and diversity jurisdiction over Drevaleva's claims against AHS, it did not abuse its discretion by declining to exercise supplemental jurisdiction over the state law claims asserted against AHS. *See Ventura Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 603, 619 (9th Cir. 2018).

5. Although the court had diversity jurisdiction to resolve Drevaleva's claims against the newly added defendants State Employees[1] after her post-filing relocation to another state, she has disavowed due process claims under the Fifth and Fourteenth Amendments. Finally, absolute immunity and absolute privilege precluded any viable state law claims against the State Employees based on their official and discretionary acts related to investigation of Drevaleva's termination.

---

[1] The State Employees are Catherine Daly, Joan Healy, Bobit Santos, and Eric Rood. No claim was asserted against the Department of Industrial Relations.

3

*See* Cal. Gov't Code § 820.2; *see also* Cal. Civ. Code § 47(a).

**AFFIRMED.**