# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued May 10, 2010          Decided September 7, 2010

No. 09-5291

CASSANDRA M. PAYNE,
APPELLANT

v.

KENNETH LEE SALAZAR,
SECRETARY, DEPARTMENT OF THE INTERIOR,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:08-cv-00164)

*David A. Branch* argued the cause and filed the brief for appellant.

*Christian A. Natiello*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: GINSBURG, HENDERSON, and GARLAND, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* GARLAND.

GARLAND, *Circuit Judge*:   This case raises an important and largely undecided issue under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.   The government contends that a federal employee who wins one Title VII claim before her agency, but loses another, must put the first at risk in order to seek relief on the second in federal court.  Finding no basis for the government's interpretation of the statute, we reject that contention.

I

In *Scott v. Johanns*, 409 F.3d 466, 468-470 (D.C. Cir. 2005), we explained the relevant statutory and regulatory framework.  Before filing suit, a federal employee who believes that her agency has discriminated against her in violation of Title VII must first seek administrative adjudication of her claim.   *Id.* at 468; *see* 42 U.S.C. § 2000e-16(c).   Under regulations promulgated by the Equal Employment Opportunity Commission (EEOC) pursuant to Title VII, the employee must do so by filing a complaint with her agency.  29 C.F.R. § 1614.106(a).   The employing agency then conducts an investigation and, if the employee so requests, refers the matter to an EEOC administrative judge for a hearing.   *Id*. §§ 1614.106(e)(2), 1614.108-09.  After the employing agency investigates, or the administrative judge issues a decision, the employing agency must take "final action."  *Id*. § 1614.110.  If the employee never requests a hearing, the agency's final action must "consist of findings . . . on the merits of each issue . . . and, when discrimination is found, appropriate remedies and relief." *Id*. § 1614.110(b).   If the employee requests a hearing, the employing agency's "final order shall notify the complainant whether or not the agency will fully implement the administrative judge's decision."   *Id*. § 1614.110(a).   An

employee who is aggrieved by the agency's final disposition of her complaint may then either appeal to the EEOC or file suit in federal court pursuant to 42 U.S.C. § 2000e-16(c). *Id*. § 1614.110.

Cassandra Payne has been employed by the Department of the Interior since 1978. From April 1984 until June 2000, she worked as a tractor operator at Rock Creek Park in Washington, D.C. During that period, she worked Monday through Friday and was able to attend church and Bible study on the weekends. In June 2000, Payne suffered a nearly-fatal allergic reaction to a bee sting. When she recovered, the Department reassigned her to work indoors Wednesday through Sunday at the Rock Creek Nature Center. From June 2000 through May 2004, Payne repeatedly asked her supervisor for weekends off so she could attend church and Bible study. All of her requests were denied.

In September 2004, Payne filed an Equal Employment Opportunity (EEO) complaint with the Interior Department alleging religious discrimination. Later in September, Payne alleges, her supervisor retaliated against her for filing the EEO complaint by giving her a minute-by-minute work schedule, forbidding her to have breakfast with co-workers, and denying her leave. Based on that allegation, Payne filed a retaliation complaint, which the Department consolidated with her discrimination complaint.

On September 18, 2007, an EEOC administrative judge found that the Interior Department had discriminated against Payne on account of her religion. The administrative judge also found, however, that the Department had not retaliated against her for filing a complaint. In October 2007, the judge entered an order for monetary damages on the discrimination charge, which the Department paid in December 2007.

In January 2008, Payne filed suit in district court alleging a single claim of retaliation in violation of Title VII, 42 U.S.C. § 2000e-3(a), based on the same retaliatory conduct initially alleged in her 2004 EEO complaint. In July 2008, Payne amended her suit to add a second retaliation claim based on the Interior Department's refusal in January 2008 to assign her light-duty work after she returned from an extended medical leave for a bad back. On June 22, 2009, the district court granted the Department's motion to dismiss Payne's suit pursuant to Federal Rule of Civil Procedure 12(b)(6). *Payne v. Salazar*, 628 F. Supp. 2d 42, 52 (D.D.C. 2009).

The court dismissed Payne's first retaliation claim on the ground that she did not also sue on the discrimination claim she had won before the EEOC administrative judge. According to the court, "a federal employee who obtains a final administrative disposition that finds discrimination . . . as to a portion of the allegations in the EEO Complaint, may [not] challenge in federal court just those liability findings by the EEOC that are unfavorable to the employee . . . while preserving those liability findings that are favorable to her." *Id.* at 45-46. Because Payne sought review only of the claim she lost before the administrative judge, the court dismissed her suit for "failure to state a claim." *Id.* at 52.

The district court also dismissed Payne's second retaliation claim -- which was based on the Interior Department's January 2008 refusal to assign her light-duty work -- for failure to exhaust her administrative remedies. Payne conceded that she had not filed this claim with the Department, but contended it was unnecessary to do so because the claim was "like or related to [her September 2004] administrative complaint." *Id.* at 51. The district court rejected that contention, holding that a "'Title VII plaintiff is required to exhaust his or her administrative remedies with respect to each discrete allegedly discriminatory

or retaliatory act.'" *Id.* (quoting *Wada v. Tomlinson*, 517 F. Supp. 2d 148, 183 (D.D.C. 2007)). Payne timely appealed the dismissal of both claims.

## II

This court reviews de novo a dismissal for failure to state a claim under Rule 12(b)(6). *Muir v. Navy Fed. Credit Union*, 529 F.3d 1100, 1108 (D.C. Cir. 2008). We consider Payne's first claim in Part II.A and her second in Part II.B.

## A

The district court dismissed Payne's first retaliation claim because she did not also sue on her successful discrimination claim. The government contends that this result is dictated by "the plain language" of Title VII, which assertedly makes clear that federal court review of a final agency decision regarding an employee's EEO complaint "is an all-or-nothing proposition." Appellee's Br. 7. We fail to discern such a proposition in the statutory text.

1. The provision of Title VII that provides federal employees with a cause of action states: "[A]n employee . . . aggrieved by the final disposition of his complaint . . . may file a civil action." 42 U.S.C. § 2000e-16(c). As the government concedes, an employee like Payne, who did not win all of the claims raised in her EEO complaint, is aggrieved by that disposition. Oral Arg. Recording 9:50-9:55. At the same time, Payne is in no sense "aggrieved by" the claim she won before her agency, and there is nothing in the text of section 2000e-16(c) that requires her to include that claim in a case she files in court. This circuit, for example, routinely hears cases brought under statutes authorizing suit by persons

"aggrieved by" agency action.[1]   Petitioners in such cases challenge only the parts of agency orders that continue to aggrieve them, and we have never required such petitioners to also bring before us the parts of agency orders that they do not dispute.[2]

The government is correct that "the language in the statute explicitly states that it is the final disposition of the *complaint* that is actionable; not of the individual claims therein." Appellee's Br. 7.  But this only means that the employee cannot sue until the agency takes final action on all of the claims contained in her administrative complaint.  *Cf.* Administrative Procedure Act, 5 U.S.C. § 704 (authorizing judicial review of "final agency action"); 28 U.S.C. § 1291 (authorizing appellate review of "final decisions of the district courts").   Section 2000e-16(c) does not say that, once the agency has finally disposed of the complaint, the employee must then file that same

---

[1]*See, e.g.*, Administrative Procedure Act, 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."); Securities Act of 1933, 15 U.S.C. § 77i(a) ("Any person aggrieved by an order of the [Securities and Exchange] Commission may obtain a review of such order . . . in the United States Court of Appeals for the District of Columbia."); Hobbs Administrative Orders Review Act, 28 U.S.C. § 2344 ("Any party aggrieved by [a] final order [of specified agencies] may, within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies.").

[2]*See, e.g.*, *Guard Publishing Co. v. NLRB*, 571 F.3d 53, 58 (D.C. Cir. 2009) (reviewing an employer's challenge to only the unfavorable portions of an NLRB ruling); *Zacharias v. SEC*, 569 F.3d 458, 462 (D.C. Cir. 2009) (reviewing one of three parts of an SEC ruling); *CF Indus. Inc. v. STB*, 255 F.3d 816, 819 n.1 (D.C. Cir. 2001) (reviewing only those parts of the STB's ruling that the petitioner appealed).

"complaint" in court.  Instead, it says that she may then file a "civil action."  42 U.S.C. § 2000e-16(c).

The Federal Rules of Civil Procedure "govern the procedure in all civil actions" in federal district courts.  FED R. CIV. P. 1. Federal Rule 2 states that there is only "one form of action -- the civil action," and Rule 3 provides that a "civil action is commenced by filing a complaint with the court."  Rule 8 -- which governs the content of such a complaint -- requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Nothing in the Federal Rules suggests that the "complaint" filed in federal court must include all the claims the plaintiff previously raised in a complaint she filed with her agency -- let alone those that were satisfactorily resolved in her favor.  Indeed, a complaint filed in federal court cannot include the latter because "a plaintiff must demonstrate standing for each claim he seeks to press," *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006), and standing requires that the plaintiff "suffered an 'injury in fact,'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Notwithstanding the way in which the government has framed the issue, it is not really arguing that an employee's civil action must include a claim as to which she does not believe herself aggrieved.  Rather, the government is effectively arguing that, if the employee wants relief on a claim she lost below, she must permit the agency to withdraw its final action on the claim she won, requiring her to prove it again in court.  *See* Appellee's Br. 15 ("Payne could bring her retaliation claim if she also br[ings] her discrimination claim and returns the award that was already recompensed to her as a result of her EEO complaint."). But there is nothing in the statute upon which the government can hang such a construction.  To the contrary, section 2000e-16(c) authorizes the employee to file in federal court after "*final* action taken by a department [or] agency."  Nothing in the

statutory language renders such "final" agency action nonfinal merely because the employee files a civil action.

We note that the government's construction of the statute effectively gives it complete control over the scope of an employee's access to the courts. In this case, for example, Payne filed two separate EEO complaints: the first asserting discrimination and the second asserting retaliation. Had the complaints remained separate, even the government's construction would have permitted Payne to file a civil action limited to the retaliation complaint. *See* Oral Arg. Recording 23:28-23:37 (acknowledgment by government counsel). It is only because the *agency* consolidated the complaints, and then issued a single disposition, that the government contends Payne must sue on all her claims or none of them. *Id.* at 21:08-21:19. Moreover, because EEOC regulations require consolidation in all cases, even when the complaints are unrelated,[3] the government's view ensures that every complainant who wins a partial victory will face the litigation parameters upon which the government insists. As the government acknowledges, however, no statutory provision requires the consolidation of separate complaints of discrimination (or retaliation). Oral Arg. Recording 20:58-21:07. And nothing in the language of section 2000e-16(c) suggests that the *government*'s decision to combine two complaints into one should govern the scope of an employee's subsequent lawsuit.

---

[3]*See* Appellee's Br. 6 ("If a complainant files more than one complaint, the EEO is required to consolidate them, even if the complaints are unrelated.") (citing 29 C.F.R. § 1614.606); *see also* EEOC, EEO Management Directive 110, at 5-13 & n.4 (Nov. 9, 1999) (requiring consolidation of an employee's complaints, "[e]ven if the complaints are unrelated," because "their resolution in a single proceeding will make better use of agency and Commission resources").

2. In adopting the government's construction of the statute, the district court relied in part on the Supreme Court's determination, in *Chandler v. Roudebush*, 425 U.S. 840 (1976), that the "civil action" referred to in section 2000e-16(c) is a "trial de novo." 425 U.S. at 846; *see id.* (holding that "federal employees are entitled to a trial de novo of their employment discrimination claims"). Reasoning that "a trial de novo is generally understood to mean a de novo judicial examination of the entire case," the district court concluded that "[p]ermitting Plaintiff to obtain partial de novo review on only some issues . . . is inconsistent with this definition." *Payne*, 628 F. Supp. 2d at 50. This reading misapprehends what the Supreme Court meant by "trial de novo."

In *Chandler*, the plaintiff lost a discrimination claim in an agency adjudication and then brought suit in federal court pursuant to section 2000e-16(c). The district court rejected her motion for discovery, holding that a "trial de novo is not required . . . in all cases" and that "review of the administrative record is sufficient if an absence of discrimination is affirmatively established by the clear weight of the evidence in the record." 425 U.S. at 843 (quotation marks omitted). Concluding that the administrative record affirmatively established the absence of discrimination, the district court granted summary judgment for the defendants without conducting a trial, and the court of appeals affirmed. *Id.*

The Supreme Court, however, reversed, holding that section 2000e-16(c) gives federal employees in all cases the "right to a trial de novo" of their Title VII claims. *Id.* at 848, 864. The Court's exploration of the legislative history of the 1972 amendments that extended the protections of Title VII to federal

employees[4] makes clear what the Court meant by that phrase. As the Court explained, Congress "chose to permit de novo judicial trial of . . . complaints rather than mere judicial review of employing agency determinations," *id.* at 852, thus "allow[ing] federal employees judicial trials rather than 'substantial evidence' review of administrative dispositions." *Id*. at 858. In short, what the Court meant by "trial de novo" was the traditional federal trial of a civil action -- in contrast to the limited, deferential review of agency decisionmaking afforded, for example, under the Administrative Procedure Act, *see* 5 U.S.C. § 706. It did not in any way suggest that plaintiffs in federal civil actions were required to sue on claims previously resolved in their favor.

In reaching the contrary conclusion in Payne's case, the district court cited *Chandler*'s statement that "'[n]othing in the legislative history indicates that the federal-sector "civil action" was to have [a] chameleon-like character, providing fragmentary de novo consideration of discrimination claims where "appropriate,"'" and otherwise providing record review. *Payne*, 628 F. Supp. 2d at 48 (quoting 425 U.S. at 861). But the "fragmentary" consideration to which *Chandler* objected was not a plaintiff's decision to sue on only some of her claims. Rather, it was the lower court's view that a judge could choose to apply de novo review in some cases and mere "record review" in others.[5] *Chandler* rejected this approach, noting that

---

[4]*See* Equal Employment Opportunity Act of 1972, Pub. L. No. 92-261, 86 Stat. 103.

[5]As the Supreme Court noted, the court of appeals' view was, essentially, that:

> The trial de novo is not required in all cases. . . . If [the district court] determines that an absence of discrimination is

Congress, "faced [with] a choice between record review of agency action based on traditional appellate standards and trial de novo of Title VII claims," had chosen the latter to govern in all cases.  425 U.S. at 861.

Finally, the district court emphasized *Chandler*'s statement that Congress intended federal employees to have "the *same* right to a trial de novo as is enjoyed by private-sector employees." *Payne*, 628 F. Supp. 2d at 48 (quoting 425 U.S. at 848) (emphasis added by district court).  The district court thought that "permitting a federal employee to obtain a trial de novo only as to certain liability findings" would not give the federal employee the "same rights," but rather would provide "greater rights than are available to a private sector employee." *Id.* at 50.  This was so, the court said, because "[e]mployees in the private sector cannot obtain a legally-binding administrative decision, and so must litigate their entire EEO complaint in federal court if conciliation is not reached below." *Id.* at 50.

But this reads *Chandler*'s statement out of context.  The Supreme Court did not suggest that the 1972 amendments were intended to equalize the position of federal and private-sector employees in every respect,[6] but rather to ensure that the former

> affirmatively established by the clear weight of the evidence in the record, no new trial is required.  If this exacting standard is not met, the Court shall, in its discretion, as appropriate, remand, take testimony to supplement the administrative record, or grant the plaintiff relief on the administrative record.

425 U.S. at 860-61 (internal quotation marks omitted).

[6]Indeed, the Court could not have made such a suggestion given the text of Title VII.  *Compare* 42 U.S.C. § 2000e-16(b) (granting the EEOC "authority to enforce" the federal employment provisions of

had the same right as the latter to a trial de novo. The Court's exposition of the legislative history made this clear, explaining that "equal treatment of private-sector and federal-sector complainants" meant that both "were entitled to plenary adjudication of their claims by a federal district court, rather than mere appellate review on a substantial-evidence basis following agency adjudication." *Chandler*, 425 U.S. at 857.[7]

In sum, an employee's right to trial de novo -- whether her employer is the federal government or a private company -- means that she is entitled to a plenary trial of whatever claims she brings to court. It does not mean that she must sue on claims she has no interest in pursuing. Indeed, were we to impose such a requirement, we would ourselves be treating federal employees differently than private-sector employees. After all, Title VII does not require a private-sector employee, who complains to her employer about two acts of discrimination but receives voluntary recompense for (only) one, to sue on both claims. *See* 42 U.S.C. § 2000e-5 (authorizing private-sector employees to bring civil actions for violations of Title VII).

---

Title VII "through appropriate remedies . . . [and to] issue such rules, regulations, orders and instructions as it deems necessary and appropriate"), *with id.* § 2000e-5 (authorizing the EEOC to use only "informal methods of conference, conciliation, and persuasion" with private employers).

[7]As the Supreme Court noted, the full text of the provision affording federal employees the right to file a "civil action" states that an aggrieved employee "may file a civil action *as provided in section 2000e-5*." 42 U.S.C. § 2000e-16(c) (emphasis added); *see Chandler*, 425 U.S. at 845. Section 2000e-5, in turn, is the civil action provision for private-sector employees, which the Court had previously held "accords private-sector employees the right to de novo consideration of their Title VII claims." *Chandler*, 425 U.S. at 844 (citing *Alexander v. Gardner-Denver Co.*, 425 U.S. 36 (1974)).

3.  Although it acknowledges that our decision in *Scott v. Johanns*, 409 F.3d 466, is not "directly on point," the government contends that the "general principles established" in that case support its construction of section 2000e-16(c). Appellee's Br. 9.  We disagree.[8]

Unlike Payne, the plaintiff in *Scott* did not sue on a Title VII claim that an agency had rejected.  Instead, Scott sued on a claim that the agency had accepted, challenging only the sufficiency of the remedy the agency provided.  409 F.3d at 468. Scott argued that the court should defer to the agency's liability determination, but that it should review the remedy de novo.  *Id* at 469-70.  We rejected Scott's argument for two principal reasons, neither of which casts doubt on our acceptance of Payne's.

First, we found it "[c]ritical" that:

> [S]ection 2000e-5(g), one of the provisions applied to federal sector suits by sections 2000e-16(c) and (d), states: "*[i]f the court* finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice," it may order various specified remedies, *id.* § 2000e-5(g)(1). Thus, in a federal-sector Title VII case, any remedial order must rest on *judicial* findings of liability, and nothing in the statute's language suggests that such findings are unnecessary in cases where a final administrative disposition has already found discrimination and awarded relief.

---

[8]The government also cites cases from other circuits that reached the same result as *Scott*.  *See Timmons v. White*, 314 F.3d 1229 (10th Cir. 2003); *see also Laber v. Harvey*, 438 F. 3d 404 (4th Cir. 2006). Like *Scott*, these cases are inapposite for the reasons discussed below.

409 F.3d at 470-71 (second emphasis added). In short, *Scott* required the plaintiff to prove liability in court, notwithstanding the plaintiff's success on that issue before the agency, because Title VII expressly predicates a court-ordered remedy on a *judicial* finding of liability. By contrast, in Payne's situation there is no statutory language that predicates a court's decision regarding one independent claim on its decision regarding another.

Second, after noting *Chandler*'s discussion of the right of an employee to a trial de novo, *Scott* held: "Under Title VII, federal employees who secure a final administrative disposition finding discrimination and ordering relief have a choice: they may either accept the disposition and its award, or file a civil action, trying de novo both liability and remedy. They may not, however, seek de novo review of just the remedial award." *Id.* Thus, we barred a plaintiff from splitting a single claim into separate determinations of liability and remedy, with de novo review for the latter alone. But our opinion did not suggest that we would also require a plaintiff to sue on a separate claim she did not want to pursue in order to obtain relief on one she did.

4. Finally, the government warns that, "[s]hould this Court accept [a]ppellant's position and allow administrative complainants to advance only the claims they find unfavorable, a serious chilling effect on the government's ratifying of adverse administrative findings could result." Appellee's Br. 15 n.5. If the "agency believes it is liable on one claim, but not the other," the government posits, "[w]hy would it rule in complainant's favor on the one claim for which it believes it is liable if it will be precluded from challenging that finding in federal court?" *Id.*

The government can find the answer to its question in the inscription outside the Attorney General's Office at the Department of Justice: "The United States wins its point

whenever justice is done its citizens in the courts." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The same is true of justice done its employees in the agencies. If an agency "believes it is liable" on a claim, Title VII requires it to rule in the complainant's favor without regard to tactical litigation considerations. *See* 42 U.S.C. § 2000e-16(e) (declaring that "[n]othing contained in this Act shall relieve any Government agency or official of its or his primary responsibility to assure nondiscrimination in employment").

B

The district court also dismissed Payne's second retaliation claim, which was based on the Interior Department's January 2008 refusal to provide her with light-duty work. That claim was neither submitted to nor ruled on by the Department, and the court dismissed it because Payne failed to exhaust her administrative remedies. *Payne*, 628 F. Supp. 2d at 51-52.

As we have held and Payne concedes, Title VII "[c]omplainants must timely exhaust the[ir] administrative remedies before bringing their claims to court." *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997); *see* Appellant's Br. 14. Payne further concedes that she never filed her second retaliation claim with the Department. Oral Arg. Recording 3:14-3:19. Nonetheless, she contends that her civil action is not barred, citing a line of cases that permits federal employees to litigate unfiled claims that are "like or reasonably related to" claims they did file with their agencies. Appellant's Br. 14 (quoting *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995)). The district court rejected this contention, holding that *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), invalidated those precedents. "[T]he Supreme Court's decision in *Morgan*," the court said, "rejected the 'continuing violation' theory that would permit plaintiffs to

recover for discrete acts of discrimination and retaliation that were not exhausted but were 'sufficiently related' to exhausted claims." *Payne*, 628 F. Supp. 2d at 51 (quotation marks omitted).

We need not decide whether *Morgan* did in fact overtake that line of cases because Payne acknowledges that, for a charge to be regarded as "reasonably related" to a filed charge under that doctrine, it must "'[a]t a minimum . . . arise from the administrative investigation that can reasonably be expected to follow the charge of discrimination.'" Appellant's Br. 14-15 (quoting *Park*, 71 F.3d at 907) (internal quotation marks omitted). This connection is necessary to give the agency "'an opportunity to resolve [the] claim administratively before [the employee] file[s] her complaint in district court.'" *Wiley v. Glassman*, 511 F.3d 151, 160 (D.C. Cir. 2007) (quoting *Weber v. Battista*, 494 F.3d 179, 184 (D.C. Cir. 2007)). But as Payne conceded at oral argument, her claim concerning the retaliatory conduct that took place in January 2008 could not possibly have "arisen from the administrative investigation" that followed the EEO complaints she filed with Interior in 2004. Oral Arg. Recording 4:02-4:16. This is necessarily so because the administrative investigation of those complaints ended in September 2007, well before January 2008. Hence, Payne failed to exhaust her second retaliation claim even on her own theory,

and the district court was correct to dismiss that claim. *See Artis v. Greenspan*, 158 F.3d 1301, 1303 (D.C. Cir. 1998).[9]

## III

For the foregoing reasons, we reverse the district court's dismissal of Payne's first retaliation claim and affirm its dismissal of her second.

*So ordered.*

---

[9]Payne's citation to *Saksenasingh v. Sec'y of Educ.*, 126 F.3d 347 (D.C. Cir. 1997), does not support her contention that she should be relieved of the obligation to exhaust her administrative remedies. *Saksenasingh*, which addressed exhaustion in the context of the breach of a settlement agreement, did not discuss the requirement that unfiled "Title VII claims must arise from the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Park*, 71 F.3d at 907 (quotation marks omitted).