Thomas McKEITHAN, Appellant

v.

Davita VANCE–COOKS, Public Printer, United States Government Printing Office, Appellee.

No. 11–5247.

United States Court of Appeals, District of Columbia Circuit.

Jan. 25, 2013.

Gary T. Brown, Esquire, Gary T. Brown & Associates, Washington, DC, for Plaintiff–Appellant.

Before: TATEL, BROWN, and GRIFFITH, Circuit Judges.

### JUDGMENT

PER CURIAM.

This matter is before us on appeal from the district court's order dismissing appellant's claim for unlawful workplace retaliation. The issues were briefed by the parties and argued on November 15, 2012. The court has accorded the issues full con-

sideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). It is

**ORDERED AND ADJUDGED** that the district court's August 17, 2011, order dismissing appellant's retaliation claim be affirmed.

Appellant Thomas McKeithan, an employee of the Government Printing Office, brought suit under Title VII of the Civil Rights Act of 1964, as amended, alleging, *inter alia,* retaliation for protected activity and discrimination in the workplace based on sex, religion, and age. A previous panel of this court summarily affirmed the district court's dismissal of all McKeithan's claims save one: the retaliation claim now before us. *McKeithan v. Boarman,* No. 11–5247, 2012 WL 1450565 (D.C.Cir. Apr.12, 2012). The panel instructed the parties to submit additional briefing to address whether McKeithan had exhausted his administrative remedies on this claim in light of *Hamilton v. Geithner,* 666 F.3d 1344 (D.C.Cir.2012). *McKeithan,* No. 11–5247, 2012 WL 1450565 at *1.

*Hamilton* clarified that federal district courts may not hear the Title VII claims of federal employees who have not first exhausted their administrative remedies for relief. *Hamilton,* 666 F.3d at 1349 ("Government employees alleging discrimination in violation of Title VII or challenging personnel practices prohibited by the Civil Service Reform Act must exhaust administrative remedies before bringing their claims to federal court.") (citing *Payne v. Salazar,* 619 F.3d 56, 65 (D.C.Cir.2010); *Weaver v. U.S. Info. Agency,* 87 F.3d 1429, 1433 (D.C.Cir.1996)).

A federal employee bringing a Title VII claim exhausts his administrative remedies by pursuing his claim according to the Equal Employment Opportunity (EEO) complaint process. *Hamilton,* 666 F.3d at 1349–50 (citing *Butler v. West,* 164 F.3d 634, 638 (D.C.Cir.1999)). McKeithan filed his complaint with the EEO counselor at the Government Printing Office. In response, the counselor wrote McKeithan a letter characterizing his claim as age discrimination and announcing an investigation into that claim. Significantly, the letter invited McKeithan to correct the counselor's characterization of his claim if he thought it mistaken. He did not respond, and the investigation proceeded, focusing solely on McKeithan's claim of age discrimination. During the course of the investigation, McKeithan signed an affidavit stating, among other things, his understanding that only a claim of age discrimination was at issue. In short, despite multiple opportunities to present his retaliation claim to the EEO counselor, McKeithan never did so. This court is thus bound by *Hamilton* to affirm its dismissal. *See* 666 F.3d at 1349–51.

Because we affirm the dismissal for McKeithan's failure to exhaust his administrative remedies, we need not consider the district court's determination that the retaliation claim also fails as a matter of law. We note, however, that the district court rested its determination on *Little v. United Techs., Carrier Transicold Div.,* 103 F.3d 956 (11th Cir.1997), which it mistakenly cited as a decision of this court. *Little* is, in fact, a decision of the Eleventh Circuit. This court has yet to consider whether a single offensive comment can create a hostile workplace environment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold the issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.