**Jason MOUNT, Appellant**

v.

**Jeh Charles JOHNSON, Secretary of Department of Homeland Security, Appellee**

**No. 16-5124**
**September Term, 2016**

United States Court of Appeals, District of Columbia Circuit.

Filed On: November 7, 2016

**1:12-cv-01276-KBJ**

Morris Eli Fischer, Esquire, Attorney, Law Offices of Morris E. Fischer, LLC, Silver Spring, MD, for Plaintiff–Appellant.

R. Craig Lawrence, Joshua Michael Kolsky, Attorney, U.S. Attorney's Office (USA), Civil Division, Washington, DC, for Defendant–Appellee.

BEFORE: Rogers, Srinivasan, and Wilkins, Circuit Judges

## ORDER

Per Curiam

Upon consideration of the motion for summary affirmance, the opposition thereto, and the reply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant challenges only the dismissal of Counts I and II of his complaint. The district court properly determined that appellant failed to exhaust his administrative remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., with respect to these counts. Even assuming arguendo that this court's "like or reasonably related" exception to Title VII's exhaustion requirements, Park v. Howard Univ, 71 F.3d 904, 907–08 (D.C. Cir. 1995), was not displaced by the Supreme Court's decision in National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), appellant was required to separately exhaust his discriminatory non-selection claims because those claims could not have "arise[n] ... from the administrative investigation that can reasonably have been expected to follow the charge of [retaliation or] discrimination." Payne v. Salazar, 619 F.3d 56, 65 (D.C. Cir. 2010); see also Park, 71 F.3d at 907 ("A court cannot allow liberal interpretation of an administrative charge to permit a litigant to bypass the Title VII administrative process.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.