**James MORRIS, Appellant**

v.

**UNITED STATES SENTENCING COMMISSION, et al.,**
**Appellees**

September Term, 2016

No. 14–5204

United States Court of Appeals,
District of Columbia Circuit.

FILED AUGUST 11, 2017

Rehearing En Banc Denied
September 15, 2017

James Morris, Memphis, TN, pro se.

Rafique Omar Anderson, Esquire, United States Capitol Police Board Office of the Employment Counsel, Peter Rolf Maier, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: Griffith, Kavanaugh, and Srinivasan, Circuit Judges.

## JUDGMENT

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel.[1] The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the district court's order be **AFFIRMED**.

In 2002, James Morris pleaded guilty in the Northern District of Mississippi to cocaine-and firearm-related offenses, for which the court sentenced Morris to 230 months in prison. Morris asked the court to reduce his sentence, based on a subsequent change made by the United States Sentencing Commission to its crack-cocaine guidelines. The court, in a decision affirmed by the Fifth Circuit, denied Morris's request.

Morris, proceeding *pro se* in the district court below, subsequently sought declaratory relief and damages against the Sentencing Commission, two federal prosecutors, and then–Attorney General Eric Holder. Our district court held that it lacked subject-matter jurisdiction over Morris's claims against the Commission, because Congress had not waived the Commission's sovereign immunity. On the merits, the district court dismissed Morris's claim against then–Attorney General Holder, given that Morris's complaint failed to allege Holder's direct participation in any purported constitutional violations. The court also dismissed Morris's claim against the federal prosecutors, finding them protected by absolute immunity. Morris appeals only the district court's dismissal of his declaratory-judgment claim against the Commission and his claims against Holder.

We review de novo district court dismissals for lack of subject-matter jurisdiction, *Piersall v. Winter*, 435 F.3d 319, 321 (D.C. Cir. 2006), and for failure to state a claim, *Payne v. Salazar*, 619 F.3d 56, 59 (D.C. Cir. 2010). Applying that standard, we agree with the district court that sovereign immunity bars Morris's claim against

---

1. The court thanks Previn Warren, counsel for court-appointed *amicus curiae* David W. DeBruin, aided by David W. DeBruin and Matthew S. Hellman, for their assistance in presenting this case.

the Sentencing Commission. Generally, the United States cannot be sued without giving its consent, *see United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983), and any waiver of sovereign immunity "must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996). Morris argues that the Administrative Procedure Act provides an express waiver of sovereign immunity for agencies, and we agree. However, the Sentencing Commission is not an "agency" within the meaning of the APA, *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 17 F.3d 1446, 1450 (D.C. Cir. 1994), and the APA's waiver of sovereign immunity therefore does not apply.

Morris nonetheless contends that we must have jurisdiction over declaratory judgment actions against the Commission because we previously assumed jurisdiction over the Commission in a similar case. *See Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660 (D.C. Cir. 2013). But neither the parties nor the court in that case raised or addressed the jurisdictional issue—namely, whether sovereign immunity applied. Because we are " 'not bound by a prior exercise of jurisdiction in a case where it was not questioned,' " *Doe v. Exxon Mobil Corp.*, 473 F.3d 345, 352 (D.C. Cir. 2007) (quoting *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38, 73 S.Ct. 67, 97 L.Ed. 54 (1952)), *Davis* does not control here.

Finally, we agree that the district court properly dismissed any claims Morris may have attempted to bring against then–Attorney General Holder, whether in his personal or official capacity. Put simply, Holder and the Department of Justice played no role whatsoever in the actions Morris alleged injured him, as neither promulgated the sentencing guidelines or applied the guidelines to Morris. Morris's complaint does not allege otherwise.