# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued May 13, 2022          Decided September 20, 2022

No. 21-5040

KATRINA L. WEBSTER,
APPELLANT

v.

CARLOS DEL TORO, SECRETARY OF NAVY,
APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-00610)

---

*Keith Klovers*, appointed by the court, argued the cause as *amicus curiae* in support of appellant. With him on the briefs were *Steffen N. Johnson* and *Kelsey J. Curtis*, appointed by the court.

*Christopher C. Hair*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *R. Craig Lawrence* and *Jane M. Lyons*, Assistant U.S. Attorneys. *Kenneth A. Adebonojo* and *Heather Graham-Oliver*, Assistant U.S. Attorneys, entered appearances.

Before: ROGERS, KATSAS, and WALKER, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KATSAS.

KATSAS, *Circuit Judge*: An employee charged the Navy with discrimination and retaliation in violation of Title VII. The Navy investigated the charge and dismissed it as unproven. The Equal Employment Opportunity Commission agreed that the charge was unproven, but it identified in the administrative record a distinct retaliation claim that the employee herself had not charged. The question on appeal is whether the employee may pursue that claim in court without first exhausting it before the Navy. We hold that she may not.

I

A

Section 717 of the Civil Rights Act of 1964 prohibits federal employers from discriminating based on race and from retaliating against employees who have complained of discrimination. 42 U.S.C. § 2000e-16; *see Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006). An aggrieved employee may file suit, but only after exhausting her claim administratively. Section 717(c) sets forth the exhaustion process: First, the employee must file with the employing agency an initial charge or complaint that describes the alleged violation. Once the agency takes final action on the complaint or 180 days pass, the employee may file suit in federal district court. Alternatively, she may appeal the agency's decision to the EEOC. If unsatisfied by the EEOC's final decision or 180 days pass, the employee has another opportunity to file suit.

B

Katrina Webster worked as a secretary for the Navy. In 2017, Webster filed a charge alleging that Richard Garland, a Navy contractor, had subjected her to a hostile work

environment.  According to Webster, Garland made comments describing her as trouble and telling co-workers to watch out or turn away when she approached.  Webster also alleged that Garland, who provided IT support, once tried to remove a printer from her desk.  The charge alleged that Webster's direct supervisor, Captain Patrick Croley, who headed the branch where Webster worked, permitted the harassment because of her race and her past EEO activity.

The Navy investigated Webster's charge.  During the investigation, Webster provided a sworn statement naming Garland as the individual responsible for her harassment and backing away from the allegation that Croley had permitted it.  Webster further stated her view that Garland knew of her prior EEO activity, and she suggested that Croley may have told him.  Lieutenant Tarik Yameen, the deputy branch head under Croley, testified that he was unaware of Webster's EEO activity when she filed the complaint against Garland.  Yameen further testified that he learned of that complaint from Webster's EEO counselor shortly after she filed it, and that he learned from Croley, around the same time, that Webster had filed other complaints.

In 2018, the Navy issued a final decision concluding that Webster failed to prove that Garland harassed her.

On appeal, the EEOC agreed with the Navy's conclusion, but it raised two distinct claims that Webster had not charged.  First, the Commission concluded that Croley retaliated against Webster by disclosing her past EEO activity to Yameen.  Second, the EEOC noted certain perceived deficiencies with the Navy's anti-harassment policy.  The Commission thus remanded the case with instructions for the Navy to consider damages for Webster and to amend its policy.

Despite the remand, the EEOC deemed its own decision to be final.  Its order contained a section titled "Complainant's Right To File A Civil Action," which stated in relevant part:

> This is a decision requiring the Agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. … Filing a civil action will terminate the administrative processing of your complaint.

J.A. 33 (cleaned up).

Webster, acting *pro se*, chose to sue.  Charitably read, her complaint alleged that (1) Garland created a hostile work environment, (2) the Navy's anti-harassment policy was inadequate, (3) the Navy retaliated against Webster by failing to promote her before the Garland incident, and (4) Croley retaliated against Webster by disclosing her past EEO activity to Yameen.  The district court dismissed the complaint for failure to state a claim. *Webster v. Braithwaite*, No. 1:20-cv-0610, 2020 WL 7340058 (D.D.C. Dec. 14, 2020).

Webster appealed, and both parties moved for summary disposition.  A motions panel denied Webster's motion in full and granted the Navy's motion as to the first three claims. *Webster v. Del Toro*, No. 21-5040, 2021 WL 6102269 (D.C. Cir. Dec. 15, 2021).  But we declined to summarily affirm the retaliation-by-disclosure claim.  Instead, we appointed Keith Klovers as an amicus in support of Webster on that claim.  He has ably discharged his responsibilities.

II

We review dismissal for failure to state a claim *de novo*. *Hurd v. District of Columbia*, 864 F.3d 671, 678 (D.C. Cir. 2017).  We may affirm on any ground supported by the record. *Smith v. Lanier*, 726 F.3d 166, 169 (D.C. Cir. 2013).

III

The only open question in this appeal involves the claim that Croley retaliated against Webster by disclosing her past EEO activity to Yameen.  The district court dismissed that claim on the merits.  We affirm on the alternative ground that Webster failed to exhaust it before the Navy.

Section 717(c) of the Civil Rights Act permits federal employees to sue for employment discrimination, subject to various exhaustion requirements and time limits for filing.  As relevant here, section 717(c) provides:

> Within 90 days of receipt of notice of final action taken by a department, agency, or unit [of the federal government], or by the Equal Employment Opportunity Commission upon an appeal from a decision of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section …, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take

final action on his complaint, may file a civil action as provided in section 2000e-5 of this title ….

42 U.S.C. § 2000e-16(c).

Section 717(c) consists of one long, convoluted sentence, but this much is clear:  It requires a federal employee to present a "charge" or "complaint" of discrimination or retaliation to the employing agency before pressing it in court.  When Congress extended Title VII to the federal workforce, it gave agencies the "primary responsibility" for resolving discrimination complaints and eliminating employment discrimination. *Brown v. GSA*, 425 U.S. 820, 832 (1976) (cleaned up).  Section 717(c) imposes "rigorous exhaustion requirements and time limitations" to preserve for the employing agency a "crucial administrative role" in addressing alleged violations.  *Id.* at 833.  Consistent with *Brown*, we have long held that section 717(c) "renders filing an 'initial charge' with the employing agency a prerequisite to court action." *Loe v. Heckler*, 768 F.2d 409, 417 (D.C. Cir. 1985) ("Congress ordered first resort to agency processes before Title VII complainants repair to court."); *see Kizas v. Webster*, 707 F.2d 524, 543 (D.C. Cir. 1983) ("'sine qua non' for Title VII civil action regarding federal employment is a complaint formally filed with the agency charged with discrimination" (quoting *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir. 1981))).

In this case, it is undisputed that Webster's administrative complaint failed to present a charge of retaliation based on Croley's disclosure to Yameen.  The amicus offers two apparently independent arguments for why Webster nonetheless satisfied the statutory exhaustion requirement:  First, she either received a final decision from the EEOC or failed to receive such a decision within 180 days of the filing of her administrative appeal.  Second, the retaliation-by-

disclosure claim, although not raised in her charge, became apparent during the Navy's investigation. We consider these arguments in turn.[1]

## A

The amicus first contends that Webster exhausted by receiving, or waiting long enough for, a final EEOC decision. He makes alternative arguments depending on whether the EEOC decision was "final action" within the meaning of section 717(c). If it was, then Webster exhausted by receiving the final action, and she permissibly filed suit within 90 days. If not, then Webster exhausted by waiting for the administrative appeal to remain undecided for 180 days, and she then permissibly filed suit. Either way, the amicus concludes, Webster satisfied the "statutory preconditions" for litigating in court. Amicus Br. at 30 (cleaned up). None of these points turns on the substance of the claims that Webster presented to the Navy. The amicus thus appears to suggest that,

---

[1] The amicus also asserts that the Navy waived exhaustion by not pressing it in its motion for summary affirmance. We disagree. To obtain summary affirmance, an appellee must satisfy a "heavy burden" of showing that the merits "are so clear that expedited action is justified." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987). We do not grant summary affirmance lightly; many arguments warrant affirmance but not summary affirmance. So there is no basis for holding that a party, if it seeks summary affirmance on one ground, must simultaneously raise all of its arguments for affirmance. Nor is there any basis for holding that a party, if it affirmatively waives an argument as a basis for summary affirmance, also waives it as a basis for affirmance after full briefing. In this case, the Navy raised an exhaustion defense in the district court and reasserted the defense in its merits brief on appeal. That was enough to preserve the issue.

because Webster exhausted one claim, she was free to litigate another.

That suggestion is mistaken. As explained above, section 717(c) requires a federal employee to file an "initial charge" with her employer before pursuing a Title VII claim in court. It borrowed that requirement from section 706(b) of the Civil Rights Act, which requires a private-sector employee to file a "charge" with the EEOC before pursuing a Title VII claim in court. 42 U.S.C. § 2000e-5(b); *see also id.* § 2000e-16(c) (authorizing civil actions for federal employees "as provided in section 2000e-5"). Such a "charge" must include the "date, place and circumstances of the alleged unlawful employment practice." *Id.* § 2000e-5(b) ("contents of charges"). And outside the context of hostile work environment claims, an "unlawful employment practice" under Title VII is a "discrete retaliatory or discriminatory act" that must be individually charged and filed within the appropriate deadline. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109–10 (2002); *see* 42 U.S.C. § 2000e-2(a) (making discriminatory acts an "unlawful employment practice"); *id.* § 2000e-3(a) (same for retaliatory acts). These provisions together make clear that a "charge" alleging one "unlawful employment practice" does not permit the employee to challenge others.

Both the EEOC and this Court have recognized as much. EEOC regulations confirm that the "complaint" filed with the employing agency must "describe generally the action(s) or practice(s) that form the basis of the complaint." 29 C.F.R. § 1614.106(c). Likewise, we routinely apply section 717(c)'s exhaustion requirement on a claim-by-claim basis, to hold that federal employees have exhausted challenges to some employment practices but not others. For example, in *Crawford v. Duke*, 867 F.3d 103 (D.C. Cir. 2017), we held that the plaintiff "adequately exhausted his claims of racial

discrimination, retaliation, and a hostile work environment" arising out of an October 2011 performance evaluation and a December 2011 suspension, but "did not … properly exhaust his claimed denial of a promotion" in November 2011. *Id.* at 109. In *Hamilton v. Geithner*, 666 F.3d 1344 (D.C. Cir. 2012), we held that the plaintiff exhausted a challenge to the selection of another employee for a manager position in 2003, but not to the selection of that same employee for a temporary detail in 2002. *See id.* at 1350. And in *Payne v. Salazar*, 619 F.3d 56 (D.C. Cir. 2010), we held that the plaintiff exhausted a challenge to retaliation that she suffered in 2004, but not to retaliation that she suffered four years later. *See id.* at 65.

In this case, Webster exhausted her claim that Garland created a hostile work environment by speaking ill of her to co-workers and by attempting to remove her printer. But as the EEOC acknowledged in its decision, Webster's complaint to the Navy "did not allege" that Croley retaliated against her by disclosing her prior EEO activity to Yameen. J.A. 23. Without more, Webster's exhaustion of the former claim does not permit her to litigate the latter one.

The fact that the EEOC told Webster she had a right to sue does not change this analysis. As noted above, the EEOC itself recognizes that an employee must describe in her charge "the action(s) or practice(s) that form the basis of the complaint." 29 C.F.R. § 1614.106(c). The EEOC thus stated that Webster could "file a civil action *on the underlying complaint*" originally filed with the Navy. J.A. 32 (emphasis added). Nothing in its right-to-sue determination is inconsistent with our analysis.

B

Alternatively, the amicus contends that Webster exhausted her retaliation-by-disclosure claim because it became apparent

from facts that the Navy uncovered while investigating her complaint. The amicus reasons that when Yameen testified that Croley had disclosed Webster's prior EEO activity to him, the Navy was put on notice of that claim, as if Webster had alleged it in her complaint. And because the Navy had notice of that claim, the amicus concludes, the purpose of the exhaustion requirement was satisfied.

Before addressing this contention, we briefly note two points that the amicus does not press. First, we construe administrative complaints charitably in favor of the employee. *President v. Vance*, 627 F.2d 353, 362 (D.C. Cir. 1980). But here, Webster's complaint asserted only that Croley permitted Garland to subject her to a hostile work environment on or about March 3, 2017.[2] No amount of liberal construction can transform that claim into one that Croley unlawfully disclosed Webster's past EEO activity to Yameen out of retaliatory animus sometime after mid-March.

Second, we have flexibly construed section 717(c) to permit litigation not only of the precise claims raised in a charge, but also of claims "like or reasonably related to" the ones so raised. *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (cleaned up). We have twice reserved the question whether *Park* survives *Morgan*. *See Payne*, 619 F.3d at 65; *Weber v. Battista*, 494 F.3d 179, 183–84 (D.C. Cir. 2007). We do the same here, as the amicus affirmatively disavows any reliance on this doctrine. *See* Amicus Reply Br. at 31–32.

---

[2] Webster's administrative complaint does not appear in the record, but the charge was restated in the Navy's formal acknowledgment of the complaint. J.A. 71; *see also* 29 C.F.R. § 1614.106(e). Webster does not dispute that the charged violation centered on alleged harassment by Garland.

11

Instead, we focus on the amicus's contention that Webster satisfied the exhaustion requirement because the facts underlying her claim became apparent during the Navy's investigation. This theory of exhaustion does not square with the statute. As explained above, section 717(c) requires an employee to file a charge that identifies an alleged unlawful employment practice. The cases cited by the amicus are not to the contrary. They hold only that attachments to an administrative complaint count as part of the complaint, *Crawford*, 867 F.3d at 107, and that an employee may clarify ambiguities in the charge during the ensuing investigation, *Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985); *President*, 627 F.2d at 360–63. The amicus cites no authority, and we find none, for the proposition that a plaintiff has exhausted any possible Title VII claim lurking in the administrative record that neither was raised as, nor is "like or reasonably related to," the charged violations. Accepting this theory of exhaustion would invert the basic rule that the employee must identify for the agency the claims that she wishes to pursue.

Finally, even if we were to look past the charge to what happened during the Navy's investigation, Webster never indicated that she wished to pursue a retaliation claim based on Croley's disclosure of her EEO activity. To the contrary, while the charge at least had some link to Croley as the alleged enabler of Garland's harassment, Webster affirmatively disavowed even that much during the investigation. When asked to elaborate on her claim, Webster said that it was *not* about Croley's conduct. J.A. 77 ("Q: You allege that Mr. Croley permitted a [hostile] work environment … correct? A: No, I am not …. I filed [an] EEO complaint against Mr. Rich Garland." (cleaned up)). Although Webster mentioned in passing the possibility that Croley may have disclosed her EEO history to Garland, that statement was purely speculative. J.A. 88 ("[F]or all I know, [Croley] could have been the person who

discussed my prior EEO activity with Mr. Garland that led him to call me 'trouble.'"). That conjecture fell far short of suggesting even a claim that Croley retaliated by needlessly disclosing her prior EEO activity to an IT contractor, much less one that Croley retaliated by disclosing the activity to his own second-in-command.

IV

Because Webster failed to present her retaliation-by-disclosure claim to the Navy before filing this lawsuit, we affirm the order dismissing it.[3]

*So ordered.*

---

[3] Because we decide this appeal on exhaustion grounds, we modify the order of dismissal to be without prejudice as to Webster's retaliation-by-disclosure claim. *See Lee v. USAID*, 859 F.3d 74, 79 (D.C. Cir. 2017). We express no opinion on whether Webster may still pursue that claim administratively.